E-FILED
Thursday, 09 April, 2026  02:54:39 PM
Clerk, U.S. District Court, ILCD

FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

APR 0 9 2026

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

|  |  |  |
|---|---|---|
| JOHN DOE,<br>　　Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE<br>UNIVERSITY OF ILLINOIS;<br>ALEXANDER VICKERY-HOLLAND,<br>in his individual and official capacities;<br>MARIAH YOUNG,<br>in her individual and official capacities;<br>CHARLES LEE ISBELL JR., Chancellor,<br>in his official capacity,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ___26-cv-2104___ |

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

**AND TO FILE IDENTIFYING DOCUMENTS UNDER SEAL**

Plaintiff John Doe, proceeding *pro se*, respectfully moves this Court for an Order permitting him

to proceed in this litigation under the pseudonym "John Doe," to refer to the non-party

complainant involved in the underlying university disciplinary proceedings as "Jane Roe," and to

file under seal all documents containing the true names, contact information, or digital identifiers

of Plaintiff or the non-party complainant.

In support of this Motion, Plaintiff states as follows:

**I. INTRODUCTION**

1. Plaintiff brings this action against the Board of Trustees of the University of Illinois and individual university officials under 42 U.S.C. § 1983 and Illinois contract law, challenging a disciplinary proceeding that resulted in a procedurally defective five-year dismissal.

2. The underlying dispute stems from an entirely online social relationship with an individual unaffiliated with the university.

3. While there is a strong presumption that judicial proceedings are conducted publicly, fictitious names are permitted in exceptional circumstances, particularly when necessary to protect the privacy of minors and vulnerable non-parties.

4. Plaintiff seeks to proceed anonymously, not to shield himself from the routine public scrutiny of litigation, but because disclosing his identity will create a direct, traceable digital path exposing the identity of the non-party complainant, whom the University classified as a minor.

## II. LEGAL STANDARD

5. Under Rule 10(a) of the Federal Rules of Civil Procedure, a complaint must generally give the names of all parties to the suit, reflecting the principle that judicial proceedings are to be conducted in public.

6. However, district judges have the discretion to permit a party to proceed anonymously when exceptional circumstances justify a departure from the normal method of proceeding.

7. The Seventh Circuit recently clarified this standard in *Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024) (clarifying that anonymity requires justification beyond embarrassment, but reaffirming that protecting minors and victims of sexual offenses remains a

compelling basis), and *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024) (directing district courts to evaluate whether disclosing a plaintiff's identity would effectively reveal a non-party victim's identity). Under this controlling precedent, a plaintiff may not proceed anonymously merely to avoid embarrassment or reputational damage. Anonymity is justified only where there is a "substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court." *Indiana Univ.*, 101 F.4th at 491.

8. The Seventh Circuit expressly reaffirmed that protecting the identities of children, victims of sexual offenses, and vulnerable non-parties remains a compelling justification for anonymity. *Id.* at 490.

## III. ARGUMENT

### A. Disclosing Plaintiff's Identity Poses a Substantial Risk of Harm to a Minor Non-Party

9. The most compelling factor favoring anonymity in this case is the necessity of protecting the digital identity of the non-party complainant, whom the University classified as a minor. *See* Exhibit 05 (Selected Quotes from Hearing Recording).

10. The underlying allegations center entirely on digital communications with this UK-based non-party, who has no physical affiliation to the university. The vast majority of their interactions—and the entirety of the alleged conduct—occurred on the digital platform Discord.

11. Furthermore, the non-party complainant explicitly requested that the University dismiss the underlying case before Plaintiff was even formally charged. This withdrawal request

demonstrates that the complainant desires privacy and has no interest in public participation or identification in this matter. *See* Exhibit 09 (Complainant Request to Dismiss).

12. If Plaintiff is forced to litigate under his true name, the public docket of this lawsuit will become the definitive link between his real-world identity and his private digital footprint. The University's underlying evidence packet—which will inevitably be filed on the public docket to adjudicate these claims—explicitly references Plaintiff's specific Discord username alongside the complainant's Discord handle.

13. Therefore, filing this action under Plaintiff's true name will establish a public "name-to-username" match. Once the federal docket provides this translation key, internet users can trace Plaintiff's exposed handle across mutual digital connections, shared servers, and archived chat logs.

14. By following this digital pathway, third parties can reverse-engineer the identity of the non-party complainant. This would subject the minor to the "retaliation by third parties" and internet harassment the Seventh Circuit warned against in *Indiana University*.

15. Because this digital unmasking could occur from a single exposed handle, Plaintiff cannot seek a narrow, caption-only pseudonym. The protection sought must extend to the entirety of the public record. To effectively shield the minor non-party, any exhibit, attachment, or documentary evidence containing the true names, contact information, or digital identifiers of Plaintiff or the complainant must be filed under seal, with a redacted public version substituting the Court-approved pseudonyms.

**B. The Appeal Decision Intensifies the Need for Pseudonymity**

16. The SCSD appeal committee's decision, dated March 31, 2026, further intensifies the need for anonymity. The appeal committee's "finding of fact" contains extremely specific and stigmatizing language regarding the nature of the alleged conduct. If this language appears on a public federal docket linked to Plaintiff's real name, the digital-tracing risk to the minor is magnified, because the specificity and severity of the allegations will attract greater public and media attention, increasing the pool of individuals motivated to investigate the identities of those involved. *See* Exhibit 07 (SCSD Appeal Decision Letter).

17. The appeal denial does not alter the pseudonym analysis. The justification for anonymity rests on the protection of a minor non-party—a consideration independent of the merits of Plaintiff's underlying claims.

**C. Alternative Ground: Extraordinary Occupational Foreclosure**

18. Even absent the compelling need to protect the minor non-party, Plaintiff faces a substantial risk of harm that extends beyond the legitimate public reaction to a lawsuit.

19. As established in the Complaint, Plaintiff is actively pursuing a highly specialized career in federal cybersecurity and defense with the United States Cyber Command. Under federal adjudicative guidelines, publicly branding him with a severe sexual misconduct finding before this Court can review the proceedings would trigger a presumptive disqualifying condition for his required security clearance (SF-86). This creates an immediate occupational foreclosure—a "harm beyond legitimate public reaction" that further justifies pseudonymity to preserve the status quo. *See* Exhibit 08 (National Security Adjudicative Guidelines).

**D. The Facts of This Case Are Distinguishable from Recent Precedent**

20. Plaintiff acknowledges this Court's recent ruling in *Doe v. Board of Trustees*, No. 23-cv-02091 (C.D. Ill. June 26, 2025), which revoked a plaintiff's pseudonym following the issuance of the *Indiana University* and *Loyola* decisions. However, the factual matrix of this case is entirely distinct.

21. In *Board of Trustees*, the Court found that because the plaintiff and the non-party were members of the same small, physical academic cohort, the local community had already "put two and two together." Thus, the Court reasoned that removing the pseudonym would not meaningfully expand the risk of exposing the non-party's identity.

22. Here, there is no single, shared physical community to "put two and two together." The fact that an isolated online gaming community might already associate Plaintiff's Discord handle with the identity of the complainant actually underscores the necessity of a pseudonym. While a very small number of individuals may know both Plaintiff's real-world and online identities, the vast majority of the public, the UIUC campus, and the broader internet community do not. A digital firewall currently protects the minor: the broader public does not know Plaintiff's digital handles or the identity of the complainant.

23. Denying a pseudonym in this case would destroy this firewall. By linking Plaintiff's real name to his Discord username on a globally searchable federal docket, the Court would provide the "translation key" necessary to merge these spheres. This would expose the minor complainant to a new audience, while simultaneously allowing online actors to reverse-engineer Plaintiff's real-world professional identity. Unlike the localized physical knowledge in *Board of Trustees*, denying this motion would be the direct cause of a global expansion of exposure for the minor non-party.

**E. Partial Anonymity is Functionally Impossible and Obscurity is Not a Substitute for Privacy**

24. Attempting to apply the *Board of Trustees* framework by maintaining Jane Roe's pseudonym while disclosing Plaintiff's real name provides no actual protection. The threat to the minor does not originate solely from individuals searching for *her* real name; the threat originates from individuals searching for *Plaintiff's* real name.

25. Because the unredacted evidence packet inherently links Plaintiff's real name to his Discord handle, and subsequently links his handle to the complainant's Discord handle, unmasking Plaintiff instantly compromises the minor. Any individual who searches Plaintiff's real name will find this docket and discover his digital handle. From there, observers can search for these specific usernames across digital platforms and third-party archival sites to map out mutual networks and chat histories.

26. The assumption that an online pseudonym provides real-world anonymity is outdated. Modern open-source intelligence (OSINT) tools, third-party data scrapers, and reverse-username search engines routinely preserve historical linkages to real-world identities, regardless of current privacy settings. Exposing an individual's digital handle provides the exact node needed to map their online associations and cross-reference reused usernames across separate platforms. The Court cannot condition a minor's safety on the assumption that her digital operational security across the entire internet has always been flawless.

27. Any assertion that the pre-existing digital footprints of the complainant or Plaintiff render this litigation harmless misunderstands modern threat modeling. There is a profound difference between a latent digital vulnerability existing in the ether and a United States District Court

publishing the definitive translation key. Currently, both individuals are anonymous online users among millions. No one is utilizing OSINT to uncover their physical identities because there is no public motive to do so. Unmasking Plaintiff in a federal civil rights lawsuit involving sexual misconduct and university discipline creates precisely that motive. It provides internet observers the exact context, motive, and verified starting node (Plaintiff's real name) needed to launch a targeted investigation against a minor. The fact that a digital lock can theoretically be picked does not justify the Court publishing the combination on a public docket.

28. Furthermore, relying on the hope of federal docket obscurity is inadequate, given the specific threat model of this case. Plaintiff is an active member of UIUC's competitive cybersecurity organization (SIGPwny) and is pursuing a career in national defense. The individuals most likely to search his name—his cybersecurity peers, prospective employers, federal background investigators, and the online gaming community where this originated—are not average internet users. They are individuals with training in digital reconnaissance and OSINT methodologies. Assuming that this docket will go unnoticed ignores the technical proficiency inherent to the communities involved. Partial anonymity is functionally impossible; unmasking Plaintiff compromises the complainant's digital shield. *See* Exhibit 14 (Resume).

**F. Defendants Will Suffer No Prejudice**

29. The Seventh Circuit requires courts to weigh whether the defendant is prejudiced by allowing the plaintiff to press claims anonymously.

30. Defendants will suffer no prejudice by allowing Plaintiff to proceed as John Doe. Defendants conducted the underlying investigation and are fully aware of the actual identities of Plaintiff and

the minor non-party. Utilizing a pseudonym alters only the public-facing docket and does not hinder Defendants' ability to litigate this case.

**G. The Public Interest is Fully Served Without Disclosing Plaintiff's True Name**

31. The Seventh Circuit emphasizes that the people have a right to know who is using their courts. However, requiring Plaintiff to disclose his true identity does not meaningfully further that interest here.

32. The public's genuine interest in this litigation lies in evaluating the University's administrative procedures—specifically, its treatment of cross-examination rights, its reliance on technically unviewable evidence, and its sanctioning practices.

33. The public will still be able to fully scrutinize the University's conduct and the Court's legal rulings through the public docket, even if Plaintiff proceeds under a pseudonym. Redacting the public docket is the only mechanism that preserves the digital anonymity of the non-party complainant whom the University classified as a minor while keeping the substantive legal dispute open to the public.

**H. Documents Containing Identifying Information Must Be Filed Under Seal**

34. In conjunction with the pseudonym request, Plaintiff moves to file under seal all documents containing the true names, contact information, or digital identifiers of Plaintiff or the non-party complainant. The public right of access to judicial records, while strong, yields when the privacy interest of a minor non-party outweighs the public benefit of disclosure.

35. Less restrictive alternatives are insufficient. Redacting only the complainant's name while leaving Plaintiff's name and digital handles visible would still enable the digital tracing described above. The sealing request is narrowly tailored: it applies only to identifying information, and redacted public versions of all sealed exhibits will be filed on the public docket.

## IV. CONCLUSION

The strict standards set forth in *Indiana University* and *Loyola* are satisfied here. The need to protect the digital identity of the non-party complainant whom the University's own proceedings classified as a minor from public exposure and third-party retaliation outweighs the routine public interest in knowing Plaintiff's true name, and distinguishes this matter from cases involving interconnected physical campus communities.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:

1. Granting Plaintiff leave to proceed in this action under the pseudonym "John Doe";

2. Permitting Plaintiff to refer to the non-party complainant under the pseudonym "Jane Roe";

3. Directing that the protection of these pseudonyms covers the entire public record, and requiring both parties to refer to Plaintiff and the non-party complainant by these pseudonyms in the caption and body of all public filings;

4. Directing that any exhibit, record, or attachment containing the true names, contact information, or digital identifiers of Plaintiff or the non-party complainant be filed under seal, with redacted versions filed on the public docket;

5. Requiring Defendants to seek leave of Court prior to filing any unredacted document containing the identifying information of Plaintiff or the non-party complainant on the public docket; and

6. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN DOE, Plaintiff

Proceeding *pro se*

[Real name — filed under seal]

[Address — filed under seal]

[Telephone — filed under seal]

[Email — filed under seal]

Dated: April 9, 2026