E-FILED
Friday, 10 April, 2026 03:32:39 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 01b

**Student Disciplinary Procedures**

Article I: Background

Article II: Case Coordinator and Subcommittee Hearing Procedures

Article III: Appeals

Article IV: Miscellaneous

Appendix A: Veterinary Medicine Student Subcommittees

Appendix B: Registered Student Organization (RSO) Conduct

Appendix C: Procedures of the Subcommittee on Student Conduct for Law Students

Appendix D: Student Conduct Procedures for Allegations of Non-Title IX Sexual Misconduct

Appendix E: Student Conduct Procedure for Allegations of Title IX Sexual Harassment

# Appendix D: Student Conduct Procedures for Allegations of Non-Title IX Sexual Misconduct

Section 1: Definitions | Section 2: Parties’ (Respondent and Complainant) Rights

Section 3: Evidence | Section 4: Investigation of a Complaint

Section 5: Review of Evidence

Section 6: Investigative Report

Section 7: Formal Hearing

Section 8: Appeal Procedures

Section 9: Procedural Time Frames

Section 10: Petitions to the Subcommittee on Sexual Misconduct

Section 11: Privacy

Section 12: Required Training and Conflicts of Interest and Bias

Section 13: Record-Keeping

In cases that are determined by the Title IX Coordinator, the Director of the Office for Student Conflict Resolution, or their designee to include an accusation that any student (including any student enrolled in the Carle Illinois College of Medicine, the College of Law, or the College of Veterinary Medicine) has engaged in sexual misconduct (not including Title IX Sexual Harassment, which is adjudicated in accordance with Appendix E) in an education program or activity of the university or where the discipline system accepts jurisdiction in those instances in which the university community's interest is substantially affected, the following provisions will apply. Complainants and respondents will be treated equitably through these procedures.

## Section 1: Definitions

a. Advisor of Choice. A person chosen by a Party to accompany the Party to meetings or proceedings related to the resolution process and to advise the Party on that process. The Advisor of Choice may be any person, including but not limited to a(n): friend, family member, mental health professional, certified victim's advocate, or attorney. The Parties may select whoever they wish to serve as their Advisor of Choice as long as the Advisor is eligible and available. Parties have the right to choose not to have an Advisor of Choice accompany them to meetings or proceedings. The university will directly communicate the case to the student. The student is responsible for updating their advisor and/or forwarding any correspondence to them.

b. Business Day or Day. Any weekday when university offices are open for official business.

c. Case. A situation of which the Office for Student Conflict Resolution is aware and in which a student respondent has been alleged to have violated the Student Code.

d. **Complainant** means:

1. A student who is alleged to have been subjected to conduct that could violate the sexual misconduc policy (Student Code 1-111) but is not covered under Title IX Sexual Harassment; or

2. A person other than a student or employee who is alleged to have been subjected to conduct that could violate the sexual misconduct policy and who was participating or attempting to participate in a university education program or activity at the time of the alleged sex discrimination; or
3. An individual who is alleged to have been subjected to conduct that could constitute a violation of the sexual misconduct policy.

e. Complaint. An oral or written request to the university that objectively can be understood as a request for the university to investigate and decide about alleged sexual misconduct. The following persons have a right to make a complaint of sexual misconduct: (i) A complainant; or (ii) A parent, guardian, or other authorized legal representative with the legal right to act on behalf of a complainant. The complaints of sexual misconduct must meet the university's jurisdiction analysis in section 1.05.

f. Director (or Executive Director). The Director of the Office for Student Conflict Resolution or their designee.

g. Evidence. Any information, including testimony, collected during an investigation that is relevant to the determination of whether the respondent has violated the Student Code. Information that solely addresses the character of any person will be considered only after a finding of responsibility, but prior to any sanctioning determination.

h. Evidence Packet. Any information, including testimony, collected during an investigation that is relevant to the determination of whether the respondent has violated the Student Code. Neither information that solely addresses the character of any person nor information about any complainant's prior sexual conduct with anyone other than the respondent (unless such information is offered to prove that someone other than the respondent is responsible for the alleged conduct) is evidence.

i. Investigative Report. A document created by the investigator that accurately summarizes the relevant and not otherwise impermissible evidence.

j. Investigator. The person responsible for investigating allegations of sexual misconduct on behalf of the university.

k. OSCR. The Office for Student Conflict Resolution.

l. Official Communication – communication between the parties and the Office for Student Conflict Resolution will happen via email between university email accounts. Paper copies delivered to the OSCR will be accepted. Should files become too big to share over email, all parties should notify an OSCR staff member. OSCR staff will create a U of I BOX folder where the party will have the opportunity to transfer large files.

m. Panel. A group of members of the Subcommittee on sexual misconduct consists of three members. All Panels must include at least one student member.

n. Panel Chair (or Chair). A non-voting OSCR staff member or other non-voting trained designee assigned by the Director to run a hearing. The Director may enlist a staff member or designee who has extensive experience in student disciplinary procedures and training on sexual misconduct to serve as Chair should certain circumstances arise.

o. Party. Any person identified as a complainant or a respondent with respect to a given case.

p. Respondent. A student who is alleged to have violated the Student Code.

q. Sanction, Educational. An assignment, requirement, or task educationally related to a policy violation.

r. Sanction, Formal. A disciplinary status imposed by the university in response to a policy violation.

s. SCSD. The Senate Committee on Student Discipline. The SCSD is responsible for the student disciplinary procedures, involvement in hearing appeals for its subcommittees and the oversight of the adjudication of student discipline cases.

t. Sexual Misconduct (non-Title IX covered). Any form of Prohibited Conduct under the sexual misconduct policy that is not covered under the elements that make conduct meet the criteria for Title IX Sexual Harassment (see section 1-111 of the Student Code).

u. Subcommittee on Sexual Misconduct. The group of faculty, staff, and students responsible for adjudicating cases that include allegations of sexual misconduct. This group is selected through an application process overseen by OSCR and approved by the SCSD.

v. Supportive Measures. Individualized services offered as appropriate, as reasonably available, without unreasonably burdening a complainant or respondent, not for punitive or disciplinary reasons, and without fee or charge to the Parties to: (1) or preserve that party's access to the university's education program or activity, including measures that are designed to protect the safety of the parties or the university's educational environment; or (2) Provide support during the grievance procedures or during the informal resolution process under the Sexual Misconduct Policy.

w. Witness. A person who has relevant information regarding the facts of the case.

## Section 2: Parties' (Respondent and Complainant) Rights

a. Advisor. All parties may bring an advisor with them to any meeting with the investigator or any disciplinary proceeding to which they are invited. This individual may communicate nondisruptively with their student during such proceedings but may not speak for their student or otherwise directly participate. An advisor who fails to follow these instructions or behaves disruptively may be asked to leave. The university will directly communicate the case to the student. The student is responsible for updating their advisor and/or forwarding any correspondence to them. If someone other than the advisor is approved to participate for one party, the other party (ies) should have the same opportunity.

b. Appeal. All parties may appeal the investigator's decision to dismiss the complaint or any allegation therein or the Panel's decision to the SCSD. This process is described in §9 below.

c. Disability Accommodations. A qualifying party has the right to reasonable accommodations during any disciplinary process or proceeding in accordance with §1-110 of the *Student Code*.

d. Evidence Review. All parties will have the opportunity to inspect and review all evidence obtained as part of the investigation that is directly related to the allegations raised in the complaint, including the evidence which will not be relied upon in reaching a determination regarding responsibility and inculpatory or exculpatory evidence whether obtained from a party or other source, so that each party can meaningfully respond to the evidence prior to the conclusion of the investigation.

e. Interpreter. Either party may also bring an interpreter with them to any meeting with the investigator or any disciplinary proceeding to which they are invited, provided that this individual is also not a witness in the investigation. An interpreter who behaves disruptively may be asked to leave. The use of an interpreter does not preclude the party's ability to have an advisor present.

f. Notice. All parties will receive written notification of the allegations and of any meetings or proceedings they are expected to attend. Notice is deemed given immediately when hand delivered or sent to the parties' university email address, or on the following business day when mailed.

g. Objectivity. All disciplinary decisions will be based on an objective evaluation of evidence, including both inculpatory and exculpatory evidence not otherwise impermissible. No disciplinary decisions, including credibility determinations, will be based on a person's status as a complainant, respondent, or witness or on a person's membership in a protected class as listed in the university's Nondiscrimination Policy.

h. Participation. All parties will have an opportunity to identify and present witnesses, including expert witnesses; to provide information directly related to the allegations, including inculpatory and exculpatory evidence; and to participate in any scheduled formal hearing. In addition, the respondent may refuse to provide a requested statement or to answer a question posed to them.

i. Supportive Measures. All parties may request supportive measures pending the resolution of the complaint. The Title IX Office coordinates the effective implementation of available supportive measures, but a party may directly request that the investigator issue a no contact directive.

j. Timely Investigation and Decision. Any investigation of a complaint will begin promptly and proceed in a timely manner. The parties will receive a timely written decision following a formal hearing or appellate review.

## Section 3: Evidence

a. An objective evaluation of all evidence that is relevant, and not otherwise impermissible, including both inculpatory and exculpatory evidence, is required.

b. As defined above and for the purposes of this appendix, evidence is any information, including testimony, that is directly related to the allegations raised in the complaint. The investigator and the Panel have the right to reject or disregard information that is not relevant or is otherwise impermissible when compiling the Evidence Packet, creating the Investigative Report, dismissing the complaint, or reaching a determination regarding responsibility.

c. During cross-examination, as described in §7 below, the Chair will only allow relevant questions, where a relevant question is one that seeks relevant evidence.

d. The following types of evidence will be excluded, and questions seeking these types of evidence are impermissible (i.e., must not be accessed or considered, except by OSCR to determine whether an exception below applies, must not be disclosed, and must not otherwise be used), regardless of whether they are relevant:

1. Evidence that is protected under a privilege as recognized by Federal or State law or evidence provided to a confidential employee, unless the person to whom the privilege or confidentiality is owed has voluntarily waived the privilege or confidentiality;
2. A party's or witness's records that are made or maintained by a physician, psychologist, or other recognized professional or paraprofessional in connection with the provision of treatment to the party or witness, unless the recipient obtains that party's or witness's voluntary, written consent for use in th[e] procedure; and

3. Evidence that relates to the complainant's sexual interests or prior sexual conduct, unless evidence about the complainant's prior sexual conduct is offered to prove that someone other than the respondent committed the alleged conduct or is evidence about specific incidents of the complainant's prior sexual conduct with the respondent that is offered to prove consent to the alleged sexual misconduct. The fact of prior consensual sexual conduct between the complainant and respondent does not by itself demonstrate or imply the complainant's consent to the alleged sexual misconduct or preclude determination that sexual misconduct occurred.

## Section 4: Investigation of a Complaint

a. Intake and Review. OSCR will oversee investigations of complaints against student respondents. Upon receipt of a complaint, the Director will assign a primary investigator (or investigator) to conduct the investigation. The investigator may be assisted by a secondary investigator (or secondary) as necessary. The investigator will first attempt to interview the complainant to determine the precise nature of the allegations.

b. Reluctant Complainant. In the event OSCR learns of a complainant desiring an investigation made to another member of the university community, OSCR will reach out to the complainant to gather information. If the complainant does not respond, or does not wish to pursue meeting with OSCR and there is not sufficient information to proceed in their absence, the investigation will not proceed.

c. Consolidation of Complaints. OSCR may consolidate complaints as to allegations against more than one respondent, or by more than one complainant against one or more respondents, or by one party against the other party, where the allegations arise out of the same facts or circumstances. When a case involves more than one complainant or more than one respondent, references in this appendix to the singular "party," "complainant," or "respondent" include the plural, as applicable.

d. Dismissal of the Complaint or Any Allegations Therein.

1. OSCR may dismiss a complaint, or any allegations of sexual misconduct made through its grievance procedures therein if, at any time during the investigation or hearing, it is determined that:

   i. OSCR is unable to identify the respondent after taking reasonable steps to do so.

   ii. The respondent is not participating in the university's education program or activity and is not employed by the university;

   iii. The complainant voluntarily withdraws any or all of the allegations in the complaint, the Title IX Coordinator declines to initiate a complaint, and the Director, in consultation with the Title IX Coordinator, determines that, without the complainant's withdrawn allegations, the conduct that remains alleged in the complaint, if any, would not constitute sexual misconduct even if proven; or

   iv. The recipient determines the conduct alleged in the complaint, even if proven, would not constitute sexual misconduct. Prior to dismissing the complaint, OSCR must make reasonable efforts to clarify the allegations with the complainant.

   v. Specific circumstances prevent OSCR from gathering sufficient evidence to reach a determination as to the formal complaint or allegations therein.

2. Upon any such dismissal, OSCR staff will promptly send written notification of the dismissal and the rationale for the dismissal simultaneously to the Complainant (and the Respondent if the Respondent

has been notified of the allegations).

e. Allegation Notice. The investigator will issue a written allegation notice (to each party's university email address, if they have one) that informs the respondent and the complainant of the following:

1. A description of the allegation, including the conduct alleged to constitute prohibited conduct, the date (if known) and location (if known), of the alleged incident(s).
2. The identity (if known) of the parties involved in the incident(s).
3. The section(s) of the Student Code that the respondent has been accused of violating.
4. Informal resolution procedures (if applicable)
5. A link to these procedures or an attached copy of these procedures.
6. A statement that the parties may have an advisor of their choice who may be, but is not required to be, an attorney.
7. A statement that the respondent is presumed not responsible for the alleged sexual misconduct until a determination is made at the conclusion of this process. Prior to such a determination, the parties will have an opportunity to present relevant and not otherwise impermissible evidence to a trained, impartial Panel.
8. A statement that the parties are entitled to an equal opportunity to access the relevant and not otherwise impermissible evidence in accordance with §6 below.
9. Instructions and a deadline for the respondent to schedule a meeting with the investigator. This meeting should occur within ten business days of the allegation notice, unless a conflict between the investigator's availability and the respondent's academic schedule requires the meeting to be delayed further.
10. A statement that the university prohibits retaliation, knowingly making false statements to university officials, and knowingly submitting false information to university officials.
11. Notification that parties and advisors are prohibited from disclosing information obtained by OSCR through this process, to the extent that information is the work product of OSCR (meaning it has been produced, compiled, or written by OSCR for purposes of its investigation and resolution of a Complaint), without authorization.

f. Respondent & Complainant Interview. The investigator will attempt to interview the respondent in a timely manner (as described above). If the respondent fails to respond to the allegation notice or refuses to meet with the investigator, the investigation will continue until completion.

g. Evidence Collection and Witness Interviews. Both parties will be given the opportunity to provide supporting information and documentation and to identify witnesses. The investigator will review all submitted materials and will attempt to interview all witnesses. The investigator may also seek additional information, documentation, and witnesses from other sources.

h. Follow-up Interviews. The investigator may request additional meetings with the respondent and any complainant to discuss any information gathered during the investigation. Parties will be given written notice of the date, time, location, participants, and purpose of all meetings or proceedings with sufficient time for the party to prepare to participate.

i. Privilege. The investigator and the Panel will not require, allow, rely upon, or otherwise use questions or evidence that constitute, or seek disclosure of, information protected under a legally recognized privilege, unless the person holding such privilege has waived the privilege.

j. Updates. As deemed appropriate by the investigator, OSCR staff will provide both the respondent and the complainant with periodic status updates during the investigation, the review process, and the appeal process.

k. Ongoing Notice. If, during an investigation, the investigator decides to investigate allegations not included in the original allegation notice, they will issue a new allegation notice in accordance with §4(d) above (with the possible exception of the instruction to schedule a meeting).

l. Cooperation with Law Enforcement. If the incident under investigation has also been reported to the police, the investigator will contact the police for any information they are willing to share and may interview officers, detectives, etc. as part of the OSCR investigation. At the request of law enforcement and so as not to interfere with active police investigations, the investigator may delay interviewing specific individuals for short periods of time at the discretion of the Executive Director. However, the OSCR and police investigations are separate processes. As such, they follow different procedures, rules, and regulations, and the outcome of one does not determine the outcome in the other.

m. Reasonable Delay of Notice. The university may reasonably delay providing the notice of allegations to address reasonable concerns for the safety of any person as a result of issuing the notice of allegations. Reasonable concerns will be based on an individualized safety and risk analysis which evaluates the severity and imminence of a threat to the safety of any person arising from the allegations of sexual misconduct.

n. Recordings. Interviews cannot be recorded without express written consent by all individuals involved, and no unauthorized recording is permitted by anyone participating in the investigative interviews. Parties and witnesses may take notes during investigation meetings. Requests for recording of an interview must be submitted with the rationale for consideration to the Director or their designee at conflictresolution@illinois.edu.

o. Investigator Review of Evidence. The investigator will review all evidence gathered through the investigation and determine what evidence is relevant and what evidence is impermissible regardless of relevance.

## Section 5: Review of Evidence

a. Review of Evidence by the Parties. At the conclusion of the investigation, the investigator will compile all evidence into an Evidence Packet and send this packet (in either electronic or hard copy format, at the investigator's discretion) to each party and the party's advisor, if any.

b. The Evidence Packet will be available at the hearing to give each party an equal opportunity to refer to the evidence during the hearing, including for purposes of cross-examination. The parties will have five business days from the initial release to review and respond to the evidence packet.

c. Written Responses to the Evidence Packet. The parties will have five business days to review the Evidence Packet and to submit a written response. The investigator is not required to accept documentary evidence submitted after this deadline or fact witnesses identified after this deadline.

Parties must submit all written, tangible, or documentary evidence and identify all fact witnesses during the investigation and no later than the conclusion of evidence review, provided such information was available to the submitting party. If written, tangible, or documentary evidence or a witness's identity that was not available to a party prior to the conclusion of Evidence Review becomes available prior to, or on the day of, the hearing, the party should immediately submit this information to OSCR staff along with a statement of rationale for why it should be considered after the deadline. The Chair will then determine whether to (1) proceed with the hearing (giving any other party sufficient time to review the information); (2) send the case back to the CC for further investigation or (3) comply with procedures and exclude the new information that is not relevant or potentially exculpatory. The Panel will assign appropriate weight to testimonial evidence that is provided at the hearing but was not previously provided to the investigator.

## Section 6: Investigative Report

a. Investigative Report Creation. As soon as is practicable after the evidence review period, the investigator will release an Investigative Report that fairly summarizes the procedural steps taken in the investigation and the relevant evidence. If any party has submitted a timely written response to the Evidence Packet, the investigator will consider that response when completing the Investigative Report.

b. Investigative Report Distribution and Review. The investigator will provide an electronic copy of the Investigative Report to both the respondent and the complainant and their advisors, if any, and notify them that they may submit a written response to the report no later than five business days after the report has been sent. Any written responses will be shared with the subcommittee panel.

## Section 7: Formal Hearing

a. Appointment of Panel. The Director will appoint a Panel of three voting members, including at least one student member of the Subcommittee on Sexual Misconduct (according to their availability and the frequency of their participation) and designate a staff member with extensive training in sexual misconduct to serve as the non-voting Chair. Before the membership of this Panel is finalized, OSCR will provide both the respondent and the complainant with a list of all members of the Subcommittee on Sexual Misconduct. At this point, the parties may challenge the objectivity of any person on this list. Such a challenge must be based on an identified bias (e.g., a prior relationship between the party and the member) or an identified conflict of interest. The Director will consider these challenges when making a final decision regarding Panel membership.

b. Panel Review of Materials. OSCR staff will provide the members of the Panel with electronic access to the Investigative Report, Evidence Packet, and any written responses from the parties and give them sufficient time to review these materials thoroughly.

c. Scheduling of the Hearing. OSCR staff will schedule a formal hearing before the Panel to take place at least five business days after the Investigative Report was sent to the parties. The hearing will typically take place in an online format using technology that enables the participants to see and hear each other simultaneously.

d. Notice of the Hearing. OSCR staff will notify both the respondent and the complainant by email of the date, time, format, location (if applicable), participants (including invited witnesses), and purpose of the hearing at least five business days in advance.

e. Presumption of No Violation. The respondent is presumed not to be responsible for the alleged conduct until a final determination regarding responsibility has been made at the conclusion of this process.

f. Hearing Rules

1. The hearing will be closed to the public.
2. The Chair may exclude from the hearing any person who disrupts the orderly process of the hearing but will do so only after first issuing a warning. The Chair need not consider this cause to reschedule the hearing or continue the hearing at a later date.
3. The hearing may proceed (at the Chair's discretion) even if the respondent, the complainant, any advisor, or any witness fails to appear, provided the parties have been notified in accordance with §7(d) above.
4. The Evidence Packet will be available at the hearing to give each party an equal opportunity to refer to the evidence during the hearing, including for purposes of cross-examination.
5. Parties must submit all written, tangible, or documentary evidence and identify all fact witnesses during the investigation and no later than the conclusion of evidence review, provided such information was available to the submitting party. If written, tangible, or documentary evidence or a witness's identity that was not available to a party prior to the conclusion of evidence review becomes available prior to, or on the day of, the hearing, the party should immediately submit this information to OSCR staff. The party should also document why this new information should be included after the documented deadline. The Chair will then determine whether to provide the information to the other party and their advisor, providing them with sufficient time for review, or to send the complaint back to the investigator for further investigation. The Panel will assign appropriate weight to testimonial evidence that is provided at the hearing but was not previously provided to the investigator.
6. Persons who have no relevant evidence to provide may not participate as witnesses.
7. Any witness who is not also serving as an advisor may only participate in the hearing while providing evidence or answering questions.
8. The hearing will be audio recorded by OSCR staff. To protect the confidentiality of the process and the privacy of individuals involved, no other participants are permitted to record the hearing. The Panel's deliberation is not audio recorded. Any party may request access to review this recording at any time during the seven years following its creation (subject to any procedures or limitations OSCR has in place at the time the review is requested).
9. The investigator may attend the hearing but will leave the hearing prior to deliberation.
10. At the Chair's discretion, an employee of the Office of the Dean of Students may attend the hearing and the deliberation to provide administrative support to the Panel. This person will not participate in questioning or offer any opinions during deliberation.
11. The Panel may question parties and witnesses to adequately assess a party's or witness's credibility to the extend credibility is both in dispute and relevant to evaluate in one or more allegations of sexual misconduct. In questioning, the Panel will ask relevant and not otherwise impermissible questions and

follow-up questions of parties and witnesses; allow each party to propose questions such questions that the party wants asked of any part or witness; allow the chair to instruct a party or witness to not answer a question

12. The Chair may instruct a complainant, respondent, or witness not to answer a question asked during cross-examination (or at any other time) if that question has already been answered or is irrelevant, provided the Chair explains their decision. Prior to deciding on a question's relevance, the Chair may ask the questioner to explain the question's relevance. The Chair may also instruct the questioner to reword a relevant question that is asked in a manner that, in the Chair's opinion, is intended to disparage, intimidate, or otherwise harass the individual being questioned.
13. The Panel may consider statements made by parties or witnesses that are otherwise permitted under these procedures in reaching a determination regarding responsibility even if those parties or witnesses do not participate in cross-examination at the hearing. Furthermore, the Panel may not draw any inference about the determination regarding responsibility based solely on a party's or witness's absence from the hearing or refusal to answer questions.
14. At the request of the respondent or the complainant, OSCR staff will make arrangements for the parties to participate in the hearing while in different locations using technology enabling the Panel members and the parties to simultaneously see and hear any person who is answering questions.
15. The Chair will identify at least one break of no fewer than ten minutes for every two hours of the hearing. The respondent and the complainant may also request additional breaks as needed, provided the number of requests is not disruptive to the orderly conduct of the hearing. The Chair will decide whether to grant any such requests.
16. The Chair may set a reasonable time frame for the hearing and reasonable time limits for each step of the hearing but may allow deviations, provided such allowances are fair and equitable. After consultation with the other Panel members, the Chair may also decide to continue the hearing to another day for good cause. Acceptable reasons include, but are not limited to, the need for additional investigation, the need to seek additional witness testimony, or the inability to complete all required steps of the hearing process within a reasonable time frame. Unless waived by both parties, notification of the date, time, and location must occur at least five business days in advance, but prior notification of possible continuance dates will satisfy this requirement.
17. The Chair may set additional rules for the hearing as needed, if none conflicts with any provision of this appendix.

g. Hearing Procedures: Fact Finding

1. Under the direction of the Chair, all Panel members and participants will introduce themselves by name and role.
2. The Chair will briefly describe the order of the hearing.
3. The Chair will invite the investigator to make a statement (if they choose) regarding the investigation, and Panel members may question the investigator. The respondent and the complainant will then have an opportunity to question the investigator through the chair.
4. The Chair will invite the complainant to make an opening statement regarding the allegations. This statement should last no longer than ten minutes unless the Chair approves a greater duration. The

Panel members will then question the complainant, after which the respondent will have an opportunity to question the complainant through the chair.

5. The Chair will invite the respondent to make an opening statement regarding the allegations. This statement should last no longer than ten minutes unless the Chair approves a greater duration. The Panel members will then question the respondent, after which the complainant will have an opportunity to question the respondent through the chair.
6. The Panel Chair will invite each participating witness into the room, one at a time, to answer questions from Panel members. For each witness, the respondent and the complainant will have an opportunity to ask questions through the chair.
7. Panel members must not draw an inference about whether sexual misconduct occurred based solely on a party's or witness's refusal to respond to such questions.
8. Panel members will have a final opportunity to question the complainant, the respondent, and the investigator regarding the allegations.
9. The complainant will have a final opportunity to question the respondent through the chair. And the respondent will have a final opportunity to question the complainant through the chair.
10. The Chair will invite the complainant to make a closing statement regarding the allegations. Each statement should last no longer than five minutes.
11. The Chair will invite the respondent to make a closing statement regarding the allegations. This statement should last no longer than five minutes.
12. The Chair will excuse the respondent, the complainant, and the investigator from the hearing, and the Panel will enter into closed deliberation to find facts and make a determination regarding responsibility. The Panel will make its decisions by simple majority vote and will apply the preponderance of the evidence standard.

h. Hearing Procedures: Deliberation

1. If the respondent(s) is found not responsible, the deliberation is complete.
2. If a responsibility finding is made, the Director or designee will provide any written statement of desired outcome, character statements, or impact statements. If a student has disciplinary history that was not deemed relevant to the allegations, that will also be shared after a responsibility finding is made. The Panel will determine an appropriate formal sanction (see §2.09(b) of the Student Disciplinary Procedures) for the respondent. The Panel may also issue educational sanctions and apply additional conditions or restrictions set forth in §2.09(c) of the Student Disciplinary Procedures.

i. Notice of Action Taken. OSCR staff will provide simultaneous email notification of the Panel's decision to the respondent and the complainant within five business days. This notification will also include:

1. A statement of the allegations considered by the Panel, including any allegations of sexual misconduct.
2. A description of the procedural steps taken from receipt of the complaint through the determination, including any notifications to the parties, interviews with parties and witnesses, site visits, methods used to gather other evidence, and hearings held;
3. Findings of fact supporting the determination regarding responsibility;
4. Conclusions regarding the application of the Student Code and other relevant policies to the facts;

5. A statement of, and rationale for, the result as to each allegation, including a determination regarding responsibility;
6. A list of any formal sanctions, educational sanctions, or behavioral restrictions imposed;
7. If there are reasonable concerns to the safety of any person as a result of providing this notice of action taken, OSCR may reasonably delay providing written notice of allegation or outcome to address the safety concern appropriately. Reasonable concerns must be based on an individualized safety and risk analysis.
8. Information regarding the parties' right to appeal the Panel's decision.

j. Finality of Decisions Not Appealed. The Panel's decision will become final after five business days from the date of notice of the Panel's decision unless either party submits a timely Notice of Appeal. If OSCR dismisses the complaint or any allegations therein, then that decision will likewise become final after five business days from the date of the notice of the decision unless either party submits a timely Notice of Appeal.

k. OSCR will not discipline a party, witness, or others participating in an investigation or hearing process for making a false statement **based solely on the recipient's determination** whether sexual misconduct occurred.

## Section 8: Appeal Procedures

a. Right to Appeal. Both parties have the right to appeal the Panel's decision.

b. Grounds for Appeal. The appellant must base the appeal exclusively on one or more of the following grounds:

1. A procedural irregularity occurred that would change the outcome.
2. New evidence that would change the outcome and that was not reasonably available when the determination whether sexual misconduct occurred, or dismissal was made.
3. The Title IX Coordinator, investigator(s), or Panel members had a conflict of interest or bias for or against complainants or respondents generally or any individual complainant or respondent that would change the outcome of the matter.
4. Any sanctions imposed by the Panel were not appropriate for the violation(s) for which the respondent was found responsible.

c. Notice of Appeal. The appellant must submit a Notice of Appeal and all supporting documentation to the Office for Student Conflict Resolution within five business days of the date of notice of the Panel's decision (or of the investigator's decision to dismiss the complaint or any allegations therein).

d. Content of Notice of Appeal. The Notice of Appeal must contain at least the following: (1) specific grounds for appeal; (2) specific outcome requested; and (3) the appellant's reasons in support of the grounds identified and the outcome requested. The appellant must submit the Notice of Appeal in writing, and the appellant must either sign the Notice of Appeal or submit it by email to OSCR from their university email address (if applicable). Oral appeals are not accepted.

e. Notice to the Parties of Any Appeal and Opportunity to Respond. If only one party submits a Notice of Appeal, OSCR will notify the other party of the submission and grant the other party access to all submitted documentation. The other party will have five business days from the date of notification to submit a written

response to be considered as part of the appeal. If both parties submit a Notice of Appeal, both parties will be informed, granted access to all submitted documentation, and given five business days to submit a written response. The written response may be a statement in support of, or challenging, the outcome.

f. Sanctions Held in Abeyance Pending Appeal. Any formal or educational sanctions imposed will be held in abeyance automatically during the period in which the appeal may be filed and, once an appeal is filed, until the committee reaches a decision on the appeal. Behavioral restrictions such as no contact directives, however, remain in place pending the appeal.

g. Appellate Review.

1. The Chair of the SCSD or their designee will identify three SCSD members, of which one must be a faculty member and one a student, to decide the appeal. These individuals will constitute the Appeal Committee. OSCR will ensure that the Appeal Committee members did not take part in an investigation of the allegations. Before the membership of this Appeal Committee is finalized, OSCR will provide both the respondent and the complainant with a list of all members of the SCSD. At this point, the parties may challenge the objectivity of any person on this list. Such a challenge must be based on an identified bias (e.g., a prior relationship between the party and the member) or an identified conflict of interest. The Chair of the SCSD or their designee will consider these challenges when making a final decision regarding Appeal Committee membership. If the Chair of the SCSD does not serve on the Appeal Committee, they or their designee will select a faculty member to chair the Appeal Committee.
2. The Appeal Committee will review all materials that were provided to the Panel, the recording of the hearing, the Notice(s) of Appeal, any documentation provided in support of the Notice(s) of Appeal, and any responses to the Notice(s) of Appeal.
3. The Appeal Committee will meet to consider the appeal and will be advised by an OSCR staff member who did not serve as an investigator; this OSCR staff member will not be allowed to vote. Neither the respondent nor the complainant will be allowed to attend the deliberations of the Appeal Committee.

h. Deliberations. The Appeal Committee will decide by simple majority vote whether the appellant has met any of the grounds for appeal. The decision of the Appeal Committee is final and binding on all parties.

i. Authority of the Appeal Committee. If the Appeal Committee determines that one (or more) of the grounds for appeal has been met, the Appeal Committee may:

1. Affirm the decision;
2. Modify the decision;
3. Remand the case to the original investigator or Panel (with instruction) or to a new investigator or Panel (with or without instruction) for a new decision; and/or
4. Modify any sanctions or restrictions imposed.

j. Notice of Decision. OSCR staff will provide simultaneous email notification of the Appeal Committee's decision, including a rationale for the result, to the parties within five business days of that decision.

## Section 9: Procedural Time Frames

a. The anticipated duration of the investigation and hearing process, from the receipt of the complainant to the written notification of the Panel's decision, is no more than 60 business days, but the investigator may extend this timeframe in increments of 10 business days for good cause provided the investigator or their designee notifies both parties in writing of the delay and the reason for the delay. Acceptable reasons include, but are not limited to, the complexity of the investigation, the number of witnesses, the need for language assistance or accommodation of disabilities, and the possibility of interruption by break periods.

b. The anticipated duration of the appeal process, from the written notification of the Panel's decision to the notification of the Appeal Committee's decision, is no more than 25 business days, but the Director may extend this timeframe in increments of 10 business days for good cause provided the Director or their designee notifies both parties in writing of the delay and the reason for the delay.

c. Any request for a reasonable extension of timeframes provided with rationale will be made to the Director of OSCR by submission to conflictresolution@illinois.edu. Any request will be judged on a case by-case basis for good cause with notice to the parties that includes the reason for the delay.

## Section 10: Petitions to the Subcommittee on Sexual Misconduct

Persons who have been dismissed from the university for sexual misconduct may petition the Subcommittee on Sexual Misconduct for permission to re-enter the university in accordance with the procedures described in Article IV, Section 4.02.

If the complainant is still affiliated with the university, they will be offered the opportunity to participate in the petition hearing. Any participating complainant will meet with the petitioning panel prior to the respondent entering the hearing.

## Section 11: Privacy

a. Any proceeding, meeting, or hearing held as part of the process described in this appendix will protect the privacy of the participating parties and witnesses in accordance with applicable law.

b. The university will not disclose the identity of the respondent, the complainant, or witnesses except as necessary to implement supportive measures and accommodations, investigate the allegations, conduct any hearing or judicial proceeding, or when provided by state or federal law.

c. Notification that parties and advisors are prohibited from disclosing information obtained by OSCR through this process, to the extent that information is the work product of OSCR (meaning it has been produced, compiled, or written by OSCR for purposes of its investigation and resolution of a Complaint), without authorization. Parties and advisors are prohibited from publicly disclosing institutional work products that contain a party or witness's personally identifiable information without authorization or consent. Doing so can be subject to discipline under the University of Illinois Code of Conduct or the University of Illinois Student Code.[1]

[1] Disclosures of such information and evidence for purposes of administrative proceedings or litigation related to the complaint of sexual misconduct is authorized.

## Section 12: Required Training and Conflicts of Interest and Bias

a. All investigators, Panel members, SCSD members, the Title IX Coordinator and their designees, and any other individual responsible for implementing this Procedure for Allegations of Sexual misconduct ("procedure") must receive annual training in compliance with federal and state laws and regulations.

b. Any individual materially involved in the administration of this procedure, including the Title IX Coordinator, Investigator, OSCR staff member, Panel member, or SCSD member, may neither have nor demonstrate a conflict of interest or bias for a Party generally, or specifically.

c. Any individual materially involved in the administration of this procedure who has a conflict of interest with respect to a specific case or party, or complainants or respondents generally, must recuse themselves from any role in that case.

## Section 13: Record-Keeping

a. OSCR will maintain for a period of at least seven years records of the following:

   1. The investigation, including any determinations regarding responsibility and any sanctions or behavioral restrictions imposed;
   2. The recording of the formal hearing;
   3. Any appeal and the result therefrom.

**Office for Student Conflict Resolution**

300 Turner Student Services Building
610 East John Street, M/C 306
Champaign, Illinois 61820
217-333-3680
Email: conflictresolution@illinois.edu
Office of the Dean of Students

**Student Affairs**

Login

## OSCR Links

About

Get Involved

Alternative Conflict Resolution

Policies & Procedures

Resources & Documents

Contact Us

## Internal Staff Links

Facilities Website

ILLINOIS

## Explore Campus

University Admissions

Careers at Illinois

University News

Visit Campus

## Connect with Illinois

University Alumni

Giving at Illinois

University Calendars

University Directory

## Access University Resources

Emergency Services

McKinley Health Center

Connie Frank CARE Center

University Library

×

**About Cookies**

Privacy Copyright Accessibility

Student Affairs' units, departments and their related activities are open to all eligible persons regardless of race, color or national origin.