E-FILED
Friday, 10 April, 2026 03:32:40 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 01d

# Sanctioning Guidance

*Provided by the Senate Committee on Student Discipline*

*Last Updated: February 17, 2024*

Background | How to Use the Guidance | Student Misconduct | Organizational Misconduct | General Aggravating and Mitigating Factors

## Background

Case coordinators and committee members have the difficult task of assigning fair and meaningful sanctions. The goal of sanctioning should be to educate the student regarding community standards and to ensure that those standards are upheld. The disciplinary system should treat students with impartiality while accounting for individual circumstances and differences.

Institutional precedent is an important factor in the sanctioning process; however, decision-makers should be **guided and not blinded by precedent.** Decisions should reflect the values of the institution and uphold the moral and ethical standards of the academic community.

## How to Use this Guidance

After determining that a student has violated university policy, the decision-maker should consult this guidance for suggested formal sanctions. The decision-maker should then assess what significant mitigating or aggravating circumstances exist that might justify deviating from the standard sanctions. Decision-makers are strongly encouraged to record their reasons for mitigation and aggravation.

In some of the entries in this document, the Senate Committee on Student Discipline (SCSD) has provided a range of appropriate formal sanctions. The violations discussed in these entries cover behaviors that vary widely in

severity, and the student discipline system commonly encounters behaviors that fall across the entire continuum. The SCSD has, in most cases, provided comments to assist the decision-makers in identifying when a particular formal sanction is appropriate. Whether or not a range is provided, committee members and case coordinators should examine the details of each case and choose sanctions that are appropriate for the case even if that decision deviates from guidance.

This guidance will be updated regularly to represent changing campus culture and institutional norms.

# Student Misconduct

1. Alcohol
    a. For Students under 21 years of age
        i. Use/possession of alcohol – University Reprimand
        ii. Use/possession of a false ID – University Censure
        **Comment**: A false ID is one which misrepresents age or identity
        iii. Serving/Distributing Alcohol to people under 21 – Range from University Censure to Conduct Probation for one year.
        **Comment:** An example of this level would be the sanction of a person who provides alcohol for, or facilitates, an event in which a small number of people create a minor disturbance.
    b. For Students 21 years of age an older
        i. Serving/Distributing Alcohol to people under 21 – Conduct Probation for one year.
        **Comment:** A person 21 years old or older is assumed to have more responsibility and a greater obligation not to provide alcohol to those under 21.
2. Driving Under the Influence (DUI)
    a. Zero Tolerance violation (for drivers under 21 years old; .01% to .079% BAC) – Conduct Probation for 1 year
    b. Driving a motor vehicle, BAC ≥ .08% BAC – Conduct Probation until Graduation.
    **Comment:** These violations should be taken quite seriously since they endanger the entire university and campus community. The above guidance presumes the BAC of .08%. Being "barely" over this amount should not mitigate the sanction. It could be considered a mitigating circumstance, however, if the student is in the car, but it is not running or in gear, while a significantly higher BAC could aggravate the sanction. This guidance is intended for DUIs involving all motorized vehicles including, but not limited to, automobiles, motorcycles, and scooters. The SCSD strongly urges that aggravating factors in DUI offenses such as the severity of impairment or of injuries/damages be strongly considered as reasons for dismissal.
3. Drugs
    a. Possession/Use
        i. Possession/use of cannabis and/or cannabis paraphernalia – Reprimand

ii. Growing cannabis for personal use – Conduct Probation until graduation

iii. Possession/use of all other illegal drugs – Range from Conduct Probation until graduation to Dismissal with a 1 year minimum before petition

iv. Manufacture of all other illegal drugs for personal use – Dismissal, 1 semester minimum before petition

**Comment:** Regarding the possession/use of cannabis, decision-makers should strongly consider Censure for a second violation, Conduct Probation for 2 years for a third violation, and either extended Conduct Probation or Dismissal (1 year minimum before petition) for a fourth violation. (This progression assumes no other violations or disciplinary history; if such history exists, the decision-maker should consider it an aggravating factor. Decision-makers should generally not assign Dismissal Held in Abeyance for fourth violations.) Regarding possession generally, the sanction may be aggravated if the amount possessed far exceeds any reasonable standard for personal use.

b. Distribution/Sale

i. Sharing cannabis with others (e.g., passing around a pipe filled with the student's cannabis) – Conduct Probation until graduation

ii. Distribution/sale of illegal drugs (involving a change in ownership) – Dismissal, 1 year minimum before petition

iii. Manufacture with intent to deliver/sell – Dismissal, 1 year minimum before petition

**Comment #1 (Sharing):** To further clarify "sharing": a student shares cannabis when another person is allowed to use/consume it in the student's presence. For example, if a student passes a joint around with friends and they smoke it together, it is considered sharing. If a student distributes individual joints as party favors, however, it is considered to be more than mere sharing.

**Comment #2 (Dividing):** A student who collects money from others (either in advance or after the fact), buys a larger amount of drugs from a supplier, and then divides this purchase among the contributors is fully responsible for distribution/sale. Participation in these activities with a small group of friends and with a small amount of contraband, however, may be considered a mitigating circumstance.

**Comment #3 (Aggravating Factors):** The sanction for distribution/sale (involving a change in ownership) may be significantly aggravated if the student distributed in large amounts, on multiple occasions, and/or for substantial amounts of money. Distributing controlled substances other than cannabis may also be considered an aggravating factor.

4. Violence

a. Intimidation/True Threat – Conduct Probation for 1 year

**Comment:** A true threat occurs when a communication is a serious expression of intent to inflict harm. Decision-makers should "consider the statements, the context in which they are made, the reactions of the listeners and others as well as the nature of the comments in determining whether the communications at issue are a true threat" (Pavela, G. ASJA Law and Policy Report, No. 105 – June 11, 2003).

b. Physical Violence – Range from Conduct Probation to Dismissal

**Comment:** Violence is unacceptable in a community of scholars. Acts of physical violence can range from minor acts such as a slap/push to those causing serious physical injury. In assigning sanctions, decision-makers should take into account circumstances of initiation, emotional trauma, degree of injury or the potential to cause injury, persistence of the act, power differential among those involved, whether the violence included the use of a weapon, and whether the violence was a premeditated attack. Self-defense is a common excuse for student violence. The SCSD requires an affirmative defense for any student who would invoke this claim, meaning that a student must prove that the violent behavior was in self-defense. In instances of significant or pervasive provocation any mitigation should be dispensed with caution and restraint.

5. Weapons

a. Non-lethal weapons

i. Unauthorized Possession – University Censure

ii. Unauthorized Use – Conduct Probation

b. Lethal weapons

i. Unauthorized Possession – Conduct Probation

ii. Unauthorized Use – Dismissal

**Comment:** Non-lethal weapons include, but are not limited to, paint ball guns, pellet guns or air-soft guns and other items which simulate weapons. "Use" includes instances in which a weapon is brandished or referred to in a threat. It should be considered a significant aggravation if the weapon is illegal or improperly licensed.

6. Fire Safety

a. Failure to exit a building during a fire alarm – Censure

b. Tampering with Fire Equipment – Conduct Probation for 2 years

c. Actions Which Result in Fire: Accidental – Conduct Probation until graduation

d. Intentionally Initiating a False Fire Alarm – Dismissal, 1 year before petition

e. Actions Which Result in Fire: Intentional – Dismissal, 1 year before petition

f. Arson – Dismissal, 3 years before petition

**Comment:** Fire equipment is defined as any equipment that can be used to prevent, extinguish, or provide early detection for a fire. Tampering includes setting off fire extinguishers, disabling smoke detectors, and actions which engage a fire sprinkler. Accidental actions are situations in which a student's reckless disregard for safety results in a fire but there was no intent to destroy property or cause injury. Playing with fire that becomes out of control and causes damage or injury, however, constitutes a significant aggravating factor. Failing to exit a building during an active alarm can be aggravated to Conduct Probation (1 year) if university or emergency personnel's directions to exit and remain clear are not followed.

7. Sexual Misconduct

**Comment:** All the sanctions listed in this section are significantly aggravated when the complainant is a minor or a guardian of the minor involved in the infraction.

a. Sexual Penetration (302.b.1) – Dismissal, 2 years before petition

b. Sexual Touching/Fondling/Non-Penetration (302.b.1) – Range from Conduct Probation to Dismissal, 1 year before petition
**Comment:** Decision-makers should consider a number of factors including the duration/intensity of the contact, area of the body, whether the contact was over or under clothing, etc.

c. Sexual Harassment (302.b.2) – Censure to Dismissal, 1 year before petition
**Comment:** Sexual harassment includes a broad range of behaviors, from unwanted, persistent jokes of a sexual nature to solicitation of sexual favors as a condition of employment, social standing, or other benefit.

d. Sexual Exploitation (302.b.3 and 302.n.5) –

   i. Sending sexually explicit images and/or videos without the consent of the recipient –Conduct Probation

   ii. Exposing one's genitals without consent – Conduct Probation to Dismissal
   **Comment:** Dismissal is most appropriate in those cases in which the behavior is particularly targeted at an individual or occurs on multiple occasions.

   iii. Observing (or allowing someone to observe) the nudity or sexual activity of another without knowledge/consent – Conduct Probation until Graduation

   iv. Recording/photographing (or allowing someone to record/photograph) the nudity or sexual activity of another without knowledge/consent – Dismissal, 1 year before petition

   v. Distributing recordings, photographs, or other images of the nudity or sexual activity of another without knowledge/consent –Dismissal, 2 years before petition
   **Comment:** (iii), (iv), and (v) assume that the nudity/ sexual activity is in a location where there is a reasonable expectation of privacy.

   vi. Possession of Child Pornography (including non-electronic) – Dismissal, 5 years before petition.

e. Dating/Domestic Violence (302.b.4 and 302.b.5) – Range from Conduct Probation to Dismissal
**Comment:** Violence is unacceptable in a community of scholars. Acts of physical violence can range from minor acts such as a slap/push to those causing serious physical injury. In assigning sanctions, decision-makers should take into account circumstances of initiation, emotional trauma, degree of injury or the potential to cause injury, persistence of the act, power differential among those involved, whether the violence included the use of a weapon, and whether the violence was a premeditated attack. Self-defense is a common excuse for student violence. The SCSD requires an affirmative defense for any student who would invoke this claim, meaning that a student must **prove** that the violent behavior was in self-defense. In instances of significant or pervasive provocation any mitigation should be dispensed with caution and restraint.

f. Retaliation Against Individuals Participating in the Sexual Misconduct Process (302.b.6) – Range from Conduct Probation to Dismissal

g. Stalking (302.c) – Conduct Probation to Dismissal
**Comment:** Conduct probation is most appropriate for cases in which the respondent has contacted the complainant without consent (but has now stopped) or in which the behavior is minimally threatening.

h. Solicitation of Minors (302.s) – Dismissal, 2 years before petition

8. Theft

a. Temporary Theft – University Censure

b. Theft – Conduct Probation for 1 year

c. Burglary – Range from Conduct Probation to Dismissal

d. Robbery – Dismissal, 1 year before petition

e. Theft of laptop computer - Dismissal, 1 year before petition

**Comment:** Temporary are those situations in which items are stolen, but the intent is to harass, annoy, or "prank" rather than permanently deprive a person or organization of their property. This guidance could be significantly aggravated by the value of the items stolen and the amount of force used. Contingent on community impact, the number of residences entered could aggravate burglary to the sanction of dismissal. The SCSD has found the theft of a laptop computer to be especially disruptive to members of an academic community. Even when the stolen laptop is recovered, it is often not returned to the owner for several months, until a criminal trial has concluded.

9. Damage/Vandalism

a. University Censure
**Comment:** Generally, unintentional damage of an item will not be addressed by the student discipline system but simply by restitution. This guidance addresses those situations in which there is the intent to destroy or a significant disregard for the destructive potential of an action. The sanction may be significantly aggravated depending on the amount of damage, the motive for the damage, and whether the damage or vandalism threatened the safety of others.

10. Computer Related Violations

a. Unauthorized use/transfer of a file – University Reprimand

b. Malicious disruption of another user – Conduct Probation

c. Unauthorized use of another's ID/password – Range from Conduct Probation to Dismissal

d. Malicious network disruption – Range from Conduct Probation to Dismissal
**Comment:** Aggravating/Mitigating factors include number of people affected, type and duration of disruption, and whether disruption affected academic pursuits.

e. Possession of Child Pornography (including non-electronic) – See section 7

11. Falsification of Documents or Records

a. Providing false documentation – Conduct Probation
**Comment:** This sanction could be aggravated by the value or impact of the document; for example, whether the University was defrauded by the document, or whether the document significantly

damaged the reputation of others.

12. Non-Compliance
    a. Failure to comply with BIT-issued or other safety-focused requirements – Dismissal
    **Comment:** The university's Behavioral Intervention Team (BIT) is responsible for assessing and managing potential safety risks posed by students. In order to fulfill its mission, BIT must occasionally place immediate requirements on students, from mandatory meetings to behavioral restrictions. A student's failure to comply with these requirements either prevents BIT from properly assessing a possible threat or directly puts the campus community at risk.
    b. Failure to comply with a reasonable request from a law enforcement officer or University official (minor) – University Censure
    c. Failure to Comply with a No Contact Order or No Trespass Order – Dismissal
    d. Sanction Noncompliance – University Censure to Dismissal (see comment)
    **Comment:** In most cases, late sanctions result in registration holds and are not addressed through disciplinary action. However, a student who refuses to complete a sanction in a timely manner after receiving a registration hold does warrant disciplinary action, and the formal sanction applied should generally be more serious than that assigned in the prior case. Students who are on conduct probation and are noncompliant with a sanction, particularly when the sanction in question is meant to address violent behavior, should be strongly considered for dismissal. Students who are on dismissal held in abeyance status and are noncompliant with a sanction should be dismissed.
13. Harassment
    a. General – University Censure to Conduct Probation
14. Academic Dishonesty
    a. First Violation – Form Letter from OSCR
    b. Second Violation – Conduct Probation until Graduation
    c. Third Violation – Dismissal, 1 year before petition
    **Comment:** In all but the most serious cases, a formal sanction is not issued for a student's first academic integrity violation. However, repeated violations are addressed by the discipline system. That a particular violation, plagiarism for instance, resulted from sloppiness may be considered a mitigating factor. Aggravating factors may include the respondent's class standing, the extent of the violation (a phrase in a paper vs. the entire paper), and any impact the violation might have had on other students.
15. Classroom Disruption – University Censure
    **Comment:** Individual course instructors will generally refer only those students who have been repeatedly warned about their disruptive behavior in the classroom. Students who continue to disrupt may receive an elevated sanction.
16. False Criminal/Disciplinary History Disclosure – Dismissal, 5 years before petition
    **Comment:** All undergraduate applicants and most graduate applicants are required to disclose their disciplinary and criminal history at the time of application and are required to update the appropriate office if

this information changes later. Failing to disclose this information completely and truthfully is no less serious than falsifying grades on an application and cannot be tolerated. This sanction may be mitigated to a shorter dismissal if the committee finds that the false disclosure resulted from carelessness rather than an intent to deceive.

**Note to Committee Deciding Petitions:** You should utilize a very high standard for granting petitions to pursue readmission in these cases. This is especially true when the improper disclosure is likely to have resulted in admission that would not otherwise have been offered.

17. Pandemic-Related Violations
    a. Leaving isolation (positive test result) against the instruction of the appropriate agency – Dismissal
    b. Leaving quarantine (exposure) against the instruction of the appropriate agency – Conduct Probation for single instance, Dismissal for multiple incidents and/or pattern of violations
    c. Hosting a large gathering in violation of any applicable state, local, and/or university expectations – Dismissal
    d. Hosting a small gathering in violation of any applicable state, local, and/or university expectations – Conduct Probation for first offense, Dismissal for second offense
    e. Tampering with any of the pandemic-related systems (misuse of university app, etc.) – Dismissal
    f. Personal noncompliance with a state, local, or university emergency order – Conduct Probation to Dismissal
    g. Failure to practice social distancing or wear face coverings (if required) – Warning for first violation, Censure for second, Conduct Probation for third, etc.
    h. Testing noncompliance – Warning for first period of noncompliance, Censure for second period of noncompliance (or for especially lengthy period of noncompliance), Probation for third period of noncompliance

# Organizational Misconduct

1. Alcohol
    a. Consumption/possession by underage members at event or on property – Reprimand or Censure
    b. Providing alcohol to underage persons or permitting controlled space to be used for consumption/possession by underage persons – Censure or Conduct Probation
    **Comment:** Though an organization is not automatically responsible for all the actions of its members, registered student organizations are expected to take steps to address certain problematic behaviors within their membership, including the distribution of alcoholic beverages to underage members or nonmembers. When knowledge of such behavior is widespread among members and remains unaddressed, the organization may be held responsible and sanctioned accordingly. This sanctioning is especially appropriate when distribution is tied to organizational events or conducted on property controlled by the organization. Possible aggravating factors: significant number of members responsible

for distribution and/or large number of known recipients/transactions per event; evidence of repeated or persistent violations and strong connections between use/distribution and the culture of the organization; degree of harm caused and/or potential to cause harm.

2. Drugs
    a. Use/possession by members at event or on property – Reprimand or Censure
    b. Distribution/sale by members – Conduct Probation to Revocation
    **Comment:** Though an organization is not automatically responsible for all the actions of its members, registered student organizations are expected to take steps to address certain problematic behaviors within their membership, including the sale and distribution of illegal substances either to other members or to nonmembers. When knowledge of such behavior is widespread among members and remains unaddressed, the organization may be held responsible and sanctioned accordingly. This sanctioning is especially appropriate when sale/distribution is tied to organizational events or conducted on property controlled by the organization. Possible aggravating factors: significant number of members responsible for distribution and/or large number of known recipients/transactions; distribution of more than one substance or of substances other than cannabis; strong connection between use/distribution and the culture of the organization; degree of harm caused and/or potential to cause harm.
3. Hazing
    a. Hazing without 302.a.3 – Conduct Probation to Revocation
    b. Hazing with 302.a.3 – Revocation
    **Comment:** When an organization has been found responsible for hazing, the hearing body should strongly consider revocation, as such behavior is entirely unacceptable in a community of scholars. Conduct Probation may be appropriate for cooperative and forthcoming organizations whose actions had minimal negative impact on the physical, psychological, and academic well-being of the victims.

**Cooperation:** The Senate Committee on Student Discipline expects all registered student organizations to cooperate with police officers and OSCR investigators. Organizations that fail to cooperate or that actively interfere with an investigation should expect a more severe university response.

**Disciplinary History:** Active formal sanctions and recent violations should always be considered aggravating factors.

# General Aggravating and Mitigating Factors

When deliberating on sanctions, decision-makers may find it helpful to consider the following series of questions to identify possible reasons or aggravation or mitigation. The questions should be used as examples and not as a checklist. There may be other factors that arise in a hearing that are not listed below but must be considered.

## Possible Reasons to Aggravate

- Does the evidence show that the violation was premeditated?
- Did the respondent's behavior occur on multiple occasions?
- Did the respondent attempt to actively impede the student discipline process?
  - Did the respondent fabricate or conceal evidence to avoid detection or to deflect blame?
  - Did the respondent implicate an innocent person in order to avoid detection or to deflect blame?
  - Did the respondent intentionally cause unreasonable delays or exhibit a pattern of non-cooperation with, or a lack of respect for, the student discipline process?
  - Did the respondent threaten the complainant, witnesses, or others involved in the student discipline process?
- What was the level of physical, emotional, or financial damage done to impacted parties? (This question is also asked in determining mitigating circumstances.)
- Did the respondent receive prior warnings or sanctions for similar misconduct from OSCR or from other departments?
- Does the respondent have any other prior disciplinary sanctions? (Active formal sanctions and recent violations should always be considered aggravating factors.)
- Did the violation pose a legitimate threat to the reputation and/or well-being of another student, individual, group, department, faculty, or staff member?

## Possible Reasons to Mitigate

- Does the evidence show that the violation was accidental or unintentional?
- Is there convincing evidence that the respondent was experiencing undue financial hardship at the time of the violation and that this contributed to the behavior?
- What was the level of physical, emotional, or financial damage done to the impacted parties? (This question is also asked in determining aggravating circumstances.)
- Has the respondent accepted responsibility for the violation and demonstrated an understanding of the reasons for the prohibition?
- Did the respondent take immediate steps to remedy and/or address relevant underlying personal issues that may have contributed to the violation?
- Did the respondent take immediate steps to remedy and/or address any harm caused by the violation?

**Honesty and Cooperation:** The SCSD expects all students and all student organizations to be honest throughout the student discipline process and to cooperate respectfully with OSCR staff. Students and organizations that fail to do so should expect a more severe university response.

300 Turner Student Services Building
610 East John Street, M/C 306
Champaign, Illinois 61820
217-333-3680
Email: conflictresolution@illinois.edu
Office of the Dean of Students

**Student Affairs**

Login

## OSCR Links

About

Get Involved

Alternative Conflict Resolution

Policies & Procedures

Resources & Documents

Contact Us

## Internal Staff Links

Facilities Website

ILLINOIS

## Explore Campus

University Admissions

Careers at Illinois

University News

Visit Campus

## Connect with Illinois

×

University Alumni

Giving at Illinois

University Calendars

University Directory

## Access University Resources

Emergency Services

McKinley Health Center

Connie Frank CARE Center

University Library

**About Cookies** Privacy Copyright Accessibility

Student Affairs' units, departments and their related activities are open to all eligible persons regardless of race, color or national origin.