E-FILED
Friday, 10 April, 2026 03:32:41 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 02

Complainant: Unaffiliated minor
Case Number: 02955-001-2025
To the parties in this case:
On March 10, 2026, a Panel of the Subcommittee on Sexual Misconduct conducted a formal hearing to address the allegations in your case. After a complete examination of the information presented, the Panel concluded the following: Between June 2025 and August 2025, you knowingly engaged in inappropriate, sexual conversations via the Discord application with a 16-year old minor, at the time, who resided in the United Kingdom, while you resided in the state of Illinois, USA.

During these conversations, you requested, received, and saved sexually explicit materials, including nude images, video recordings, and audio recordings from the complainant. In one of these conversations, you sent at least one photo of your partially exposed penis to the complainant. Additionally, over this time period, you participated in multiple video calls with the complainant in which both you and the complainant were in various stages of undress.

Additionally, after the complainant raised concerns about your communication and relationship with her, you directly or indirectly encouraged her to withdraw the complaint against you, which later resulted in the University's investigation into these incidents.

On the basis of this finding, the Panel determined that the respondent violated the following sections of the Student Code:
Student Code/1-302.o.3,
Student Code/1-302.n.5,
Student Code/1-302.l,
Student Code/1-302.b.3 - Sexual exploitation,
Student Code/1-302.s

---

The Panel provided the following rationale for this decision:
*The Panel believes that the respondent engaged in inappropriate sexual conversations with the underage complainant between June 2025 and August 2025 via Discord. The Panel found that within these conversations, the respondent knowingly admitted to the inappropriate nature of the conversations due to the complainant's age on multiple occasions.*
*The Panel believes that during these conversations, the respondent requested, received, and saved sexually explicit images, videos, and audio recordings of the complainant based on the respondent's own messages sent in the Discord chat, including the phrase "I have the nudes of a sexy little teenage girl on my phone" followed by "It feels so wrong". The Panel believes that in one message, the respondent sent a photo of his partially exposed penis to the complainant due to the complainant immediately responding with "send me the whole thing." The Panel believes that the preponderance of information shows that the respondent did send a picture of part of his penis in that message. The Panel also believes, based on the context provided in the messages within the Discord chat and the testimony of the respondent, that the respondent and complainant engaged in multiple video calls during which they were in various stages of undress.*
*The Panel believes that the respondent was made aware of the concerns raised by the complainant as early as August 2025, due to the publishing of the "Clarity" document referenced in the investigative materials, in which he defends his actions and explains the circumstances of the communication between himself and the complainant; this document was referenced in a text message conversation between the complainant and respondent (pg. 113 of the Evidence Packet). The Panel believes that the respondent was somehow aware that the complainant would be contacting the University to file a complaint and that he either directly requested, or had another party request on his behalf, that the complainant not go*

*forward with the complaint or withdraw it because on October 22, 2025, the complainant told the respondent "I'm sorry. I'll be trying to get the case with you dismissed" (pg. 140 of the Evidence Packet). The complainant then, on October 25, 2025, informed the investigator that she had been in communication with the respondent and inquired about dismissing the University's case against him.*
The panel found the testimony provided by the respondent contradicted the text messages that were provided by the complainant and the respondent regarding requesting, sending, and saving inappropriate nude images of the complainant and the nature of his communication with others about the relationship he had with the complainant. Given these contradictions with the large amount of text message evidence, the panel found that the respondent's credibility was questionable about the incidents in question.
While the Panel believes that, based on the preponderance of the information, the respondent did not harass or intimidate the complainant, the panel does believe that, based on the preponderance of the information, the respondent either directly himself or indirectly through a third party influenced the complainant to request that her complaint with the University be withdrawn. As such, the panel found the respondent not responsible for violating Student Code/1-302.o.6 but is responsible for violating Student Code/1-302.o.3.
The Panel believes that, based on the preponderance of the information, the respondent was sent and saved explicit nude images of the underage complainant, given the numerous references in the messages to him having said photos, and as such is responsible for violating Student Code/1-302.n.5.
The Panel believes that, based on the preponderance of the information, the respondent sent a photo of his partially exposed penis to the complainant, given that she then requested that the respondent "send the whole thing." As such, the respondent is responsible for violating Student Code/1-302.l.
The Panel believes that, based on the preponderance of the information, the respondent had access to explicit photos of the complainant and used them for his own sexual gratification without the consent of the complainant, as the complainant is under the federal age of consent and therefore unable to provide consent, and as such, is responsible for violating Student Code/1-302.b.3.
The Panel believes that, based on the preponderance of the information, the complainant is not a member of the University community, and therefore could not have had her ability to participate or benefit from educational or employment opportunities interfered with, denied, or limited. As such, the respondent is not responsible for violating Student Code 1/302.b.2.
The Panel believes that, based on the preponderance of the information, the respondent was in possession of explicit nude images of the underage complainant, in violation of federal child pornography laws, and as such is responsible for violating Student Code/1-302.s.

---

As a result, the respondent is assigned the following sanctions:
1. Dismissal
Start Date: Thursday, March 12, 2026
You are Dismissed from the University of Illinois at Urbana-Champaign effective March 10, 2026. Dismissal records are maintained indefinitely and are noted on your transcript. You are prohibited from attending or receiving a degree from the university until you successfully petition the Subcommittee to pursue readmission. To be eligible for a petition hearing, you must complete (or abide by) all of the requirements listed below. You may request a petition hearing in Fall 2030 for possible readmission in Spring 2031. All petition materials, including evidence of your completion of the below requirements, should be submitted to the Office for Student Conflict Resolution by no later than the first of November for a guaranteed fall hearing or the fifteenth of March for a spring hearing.

2. Petition Letter
Start Date: Thursday, March 12, 2026
You must submit a petition letter to the Subcommittee outlining your intent to pursue readmission, the specific changes you've made, what you have learned during your dismissal, and why the Subcommittee

should consider your petition. With any petition, be sure to include your current contact information (mailing address, phone number, and email address). Detailed information about the petitioning process is available at http://conflictresolution.illinois.edu/policies/readmission/.

3. Academic/Work History
Start Date: Thursday, March 12, 2026
You must submit evidence of successful academic work at another institution and/or work history. Students are strongly urged to consult with their academic college before taking courses at another institution.

4. Mandated Service
Start Date: Thursday, March 12, 2026
You are required to complete 500 hours of Mandated Service at a charitable, educational, or not-for-profit agency. Verification of your service hours should include the service supervisor's signature and contact information for the organization.

5. Research Paper
Start Date: Thursday, March 12, 2026
You are required to write a 2000-word research paper on consent as it relates to age and how age of consent laws are enforced across various jurisdictions with differing standards. In completing this paper, you must consult at least five published sources, all of which must be properly cited, and you must use appropriate language, grammar, and spelling. Finally, this paper must be an individual effort and should be typed and double-spaced. Please email the completed paper to the Office for Student Conflict Resolution along with your petitioning materials.

6. Reflective Essay
Start Date: Thursday, March 12, 2026
You are required to write a paper reflecting on your actions in this incident. This paper must be no fewer than 2000 words in length (typed, double-spaced) and must be submitted to me via email by your deadline date. This paper should address the following questions/issues: (a) Reflect on the incident that occurred. (b) What decisions led up to it, and what could you have done differently? (c) How was your behavior inconsistent with the university's expectations? (d) How participating in sexual activities without the other party’s consent can harm an individual’s wellbeing. Be advised that this paper may not serve to justify your actions or evaluate the actions of others. You must use appropriate language, grammar, and spelling. The use of generative artificial intelligence (AI) to supplement your writing is strictly prohibited. Failure to abide by any of the above will be considered sanction noncompliance, will minimally require you to repeat the assignment, and could lead to further disciplinary action. Failure to abide by any of the above will be considered sanction noncompliance, will minimally require you to repeat the assignment, and could lead to further disciplinary action.

---

The Panel provided the following rationale for the above sanction(s):
According to the sanctioning guidance provided to the panel by the Senate Committee on Student Discipline, the panel is to consider dismissal for the possession of child pornography. The panel determined that dismissal was appropriate, given that the respondent was found responsible for the possession of child pornography. The panel determined there were aggravating factors that warranted a five-year dismissal given that the respondent was also found responsible for exposing his genitals to the underage complainant, that he used the explicit nude images of the complainant for the purposes of sexual gratification, that he influenced the complainant to withdraw her complaint with the University, and that he violated federal child pornography laws.

Regarding the educational sanctions imposed by the panel, a petition letter is a required component of all dismissals. The panel has also required a trespass notification, which is standard in dismissals as a means of creating a separation between the student and the academic community. The panel has asked the respondent to complete 500 hours of mandated service, which is a standard component of dismissals. The panel has asked the respondent to write a research paper about consent related to age across varying jurisdictions where standards differ so that he can better understand what is and is not appropriate regarding consent. Finally, the panel has asked the respondent to write a reflection paper about the incidents in question and to reflect on how his actions may have caused harm to the underage complainant, so that he can better reflect and understand the effects of his actions on other people.

---

**You (all parties) have the right to appeal this decision to the Senate Committee on Student Discipline.** To do so, you must email a notice of appeal to the Office for Student Conflict Resolution at conflictresolution@illinois.edu by no later than 5 p.m. on March 24, 2026. Along with this notice, you should also submit a completed "Appeal Information Checklist" (attached). **With the exception of any No Contact Directives and unless you are told otherwise, the above sanctions are not implemented until the appeal deadline passes or an appeal hearing is held.** Procedures for appeal are located at https://conflictresolution.illinois.edu/policies/student-discipline/appendixD#section8

All parties will be notified if an appeal is submitted.

Please email me if you have any questions concerning this matter.

Sincerely,

Alexander J. Vickery-Holland, Assistant Dean of Students

xc: Title IX Office