E-FILED
Friday, 10 April, 2026 03:32:42 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 07

Outlook

**UIUC Disciplinary Update - Appeal Decision Letter**

**From** illinois-advocate@advocate.symplicity.com <illinois-advocate@advocate.symplicity.com>
**Date** Wed 4/8/2026 8:50 AM
**To** [redacted]

April 08, 2026

Respondent: [redacted]
Case Number: [redacted]

To the parties in this case:

On March 31, 2026, an appeal committee of the Senate Committee on Student Discipline met regarding the appeal of the Subcommittee on Sexual Misconduct Panel's decision in your case. After a complete examination of the written appeal and the record of the case, the appeal committee concluded that none of the criteria for appeal were substantially met. The appeal committee provided the following additional explanation for this decision:

> *In your notice of appeal you selected the following grounds for appeal: Procedural irregularity that could change the outcome of the matter, new evidence that was not reasonably available at the time of the determination regarding responsibility was made, that could change the outcome of the matter, The CC or Panel members had a conflict of interest or bias that could change the outcome of the matter, and any sanctions imposed by the CC or Panel were not appropriate for the violation(s) for which the respondent was found responsible. In review of the investigative and hearing materials as well as the appeal submission, the panel has determined that none of the grounds for appeal have been met.*
>
> *Regarding procedural irregularity that could change the outcome of the matter, you stated that the university lacked jurisdiction, the complainant requested to withdraw the complaint, and you were denied due process, the findings did not meet preponderance, and the investigation violated the investigation timeline. The panel determined that in terms of jurisdiction this case was a non-Title IX sexual misconduct investigation where "the discipline system accepts jurisdiction in those instances in which the university community's interest is substantially affected" and that this case met this standard. In terms of the complaint being requested to be withdrawn by the complainant the panel determined that in the non-Title IX sexual misconduct process states "the Director, in consultation with the Title IX Coordinator, determines that, without the complainant's withdrawn allegations, the conduct that remains alleged in the complaint, if any, would not constitute sexual misconduct even if proven" and based on the evidence provided, this would case would still constitute sexual misconduct if proven. Additionally, the panel noted that the complainant is not required to participate in the process and has the right to not attend any meetings or hearings. In terms of the findings not meeting preponderance, the panel determined that the original hearing panel had determined that "the respondent either directly himself or indirectly through a third party influenced the complainant to request that her complaint with the University be withdrawn" and therefore 1-302o3 is appropriate as it is a "deliberate disruption or interference with the orderly conduct of an investigation or disciplinary proceeding". In terms of the investigation timeline and update notices the panel determined that while the investigator did not provide updates every ten business days after the December 11, 2025 update, this would not change the outcome of*

*the matter. As such, the ground of procedural irregularity that could change the outcome of the matter was not met.*

*Regarding CC or Panel members had a conflict of interest or bias that could change the outcome of the matter, you stated that the investigator violated policy in asking questions during the hearing, the hearing chair demonstrated bias, and that no mitigating factors were considered. In terms of the investigator at the hearing, the panel determined that the investigator asked used a fact-based line of inquiry. Additionally, the panel noted that there is no policy in the disciplinary procedures that bars an investigator from asking questions. In terms of the hearing chair, the panel determined that no bias was demonstrated and that procedures were followed. In terms of the mitigating factors, the panel determined that the original hearing panel following the hearing entered closed deliberation and, in that process, considered all potential mitigating and aggravating factors per the process. As the original hearing panel chose to aggravate the sanction, the aggravating factors were then included in the decision letter to demonstrate the decision rationale. The panel noted that this does not mean that the mitigating factors were not considered, but instead that the case had aggravating factors of a significance to then increase the sanction above the sanctioning guidance. As such, the ground of CC or Panel members had a conflict of interest or bias that could change the outcome of the matter was not met.*

*Regarding new evidence that was not reasonably available at the time of the determination regarding responsibility was made you stated that evidence was not available prior to the hearing. The panel determined that you were provided with all evidence gathered and were provided with the access to view all evidence per the process. Additionally, the panel noted that the image was included in the evidence and therefore you could have chosen to submit the other version following your review of the evidence but did not. As such, the ground of new evidence that was not reasonably available at the time of the determination regarding responsibility was made you stated that evidence was not available prior to the hearing was not met.*

*Regarding any sanctions imposed by the CC or Panel were not appropriate for the violation(s) for which the respondent was found responsible, you stated that the sanctioning exceeded the sanctioning guidance. The panel determined that given the aggravating factors that were included in the decision letter that the sanctions were appropriately aggravated. As such the grounds of any sanctions imposed by the CC or Panel were not appropriate for the violation(s) for which the respondent was found responsible was not met.*

*The panel determined that while there were issues with the notifications of investigative update and clarity of process that these would not affect the outcome of the matter. Additionally, the evidence overwhelmingly demonstrated violations of the Student Code and therefore the sanctions were appropriate given the degree to which the code was violated.*

---

Thus, the appeal committee has affirmed the Panel's original decision, which included the following finding of fact: Between June 2025 and August 2025, you knowingly engaged in inappropriate, sexual conversations via the Discord application with a 16-year old minor, at the time, who resided in the United Kingdom, while you resided in the state of Illinois, USA.

During these conversations, you requested, received, and saved sexually explicit materials, including nude images, video recordings, and audio recordings from the complainant. In one of these conversations, you sent at least one photo of your partially exposed penis to the complainant. Additionally, over this time period, you participated in multiple video calls with the complainant in which both you and the complainant were in various stages of undress.

Additionally, after the complainant raised concerns about your communication and relationship with her, you directly or indirectly encouraged her to withdraw the complaint against you, which later resulted in the University's investigation into these incidents.

The respondent is in violation of the following sections of the Student Code:
Student Code/1-302.o.3,
Student Code/1-302.n.5,
Student Code/1-302.l,
Student Code/1-302.b.3 - Sexual exploitation,
Student Code/1-302.s

The respondent has been assigned the following sanctions:

1. Dismissal

Start Date: Thursday, March 12, 2026

You are Dismissed from the University of Illinois at Urbana-Champaign effective March 10, 2026. Dismissal records are maintained indefinitely and are noted on your transcript. You are prohibited from attending or receiving a degree from the university until you successfully petition the Subcommittee to pursue readmission. To be eligible for a petition hearing, you must complete (or abide by) all of the requirements listed below. You may request a petition hearing in Fall 2030 for possible readmission in Spring 2031. All petition materials, including evidence of your completion of the below requirements, should be submitted to the Office for Student Conflict Resolution by no later than the first of November for a guaranteed fall hearing or the fifteenth of March for a spring hearing.

2. Petition Letter

Start Date: Thursday, March 12, 2026

You must submit a petition letter to the Subcommittee outlining your intent to pursue readmission, the specific changes you've made, what you have learned during your dismissal, and why the Subcommittee should consider your petition. With any petition, be sure to include your current contact information (mailing address, phone number, and email address). Detailed information about the petitioning process is available at http://conflictresolution.illinois.edu/policies/readmission/.

3. Academic/Work History

Start Date: Thursday, March 12, 2026

You must submit evidence of successful academic work at another institution and/or work history. Students are strongly urged to consult with their academic college before taking courses at another institution.

4. Mandated Service

Start Date: Thursday, March 12, 2026

You are required to complete 500 hours of Mandated Service at a charitable, educational, or not-for-profit agency. Verification of your service hours should include the service supervisor's signature and contact information for the organization.

5. Research Paper

Start Date: Thursday, March 12, 2026

You are required to write a 2000-word research paper on consent as it relates to age and how age of consent laws are enforced across various jurisdictions with differing standards. In completing this paper, you must consult at least five published sources, all of which must be properly cited, and you must use appropriate language, grammar, and spelling. Finally, this paper must be an individual effort and should be typed and double-spaced. Please email the completed paper to the Office for Student Conflict Resolution along with your petitioning materials.

6. Reflective Essay

Start Date: Thursday, March 12, 2026

You are required to write a paper reflecting on your actions in this incident. This paper must be no fewer than 2000 words in length (typed, double-spaced) and must be submitted to me via email by your deadline date. This paper should address the following questions/issues: (a) Reflect on the incident that occurred. (b) What decisions led up to it, and what could you have done differently? (c) How was your behavior inconsistent with the university's expectations? (d) How participating in sexual activities without the other party's consent can harm an individual's wellbeing. Be advised that this paper may not serve to justify your actions or evaluate the actions of others. You must use appropriate language, grammar, and spelling. The use of generative artificial intelligence (AI) to supplement your writing is strictly prohibited. Failure to abide by any of the above will be considered sanction noncompliance, will minimally require you to repeat the assignment, and could lead to further disciplinary action. Failure to abide by any of the above will be considered sanction noncompliance, will minimally require you to repeat the assignment, and could lead to further disciplinary action.

This action taken by the appeal committee is final and binding. Please email me if you have any questions.

Sincerely,

Caitlin Kay, Assistant Dean

xc: Academic Dean, UIPD, Title IX Office

Attachments

---

Service_Hours_Log_Sheet.pdf
Mandated Service Options (Updated March 2017).pdf