E-FILED
Monday, 13 April, 2026  10:35:19 AM
Clerk, U.S. District Court, ILCD



FILED
4/10/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN DOE,                                )<br>　　　Plaintiff,                          )<br>　　　　　　　　　　　　　　　　　)<br>v.                                               )<br>　　　　　　　　　　　　　　　　　)<br>BOARD OF TRUSTEES OF THE        )<br>UNIVERSITY OF ILLINOIS;            )<br>ALEXANDER VICKERY-HOLLAND,  )<br>in his individual and official capacities; )<br>MARIAH YOUNG,                          )<br>in her individual and official capacities; )<br>CHARLES LEE ISBELL JR., Chancellor, )<br>in his official capacity,                    )<br>　　　　　　　　　　　　　　　　　)<br>　　　Defendants.                         ) | Case No. 26-cv-2104 |

**PLAINTIFF'S MOTION TO SEAL IDENTIFYING DOCUMENTS
PURSUANT TO LOCAL RULE 5.10**

Plaintiff John Doe, proceeding *pro se*, respectfully moves this Court for an Order directing that

certain documents containing the true names, contact information, or digital identifiers of

Plaintiff or the non-party complainant be filed under seal, with redacted public versions filed on

the public docket.

In support of this Motion, Plaintiff states as follows:

**I. BASIS FOR SEALING**

1. Plaintiff has concurrently filed a Motion to Proceed Under Pseudonym and to File Identifying

Documents Under Seal ("Pseudonym Motion"), which sets forth in detail the factual and legal

bases for anonymity in this action. The arguments presented therein are incorporated by

reference as though fully set forth herein.

2. As established in the Pseudonym Motion, the underlying dispute arises from an entirely online

relationship with a non-party whom the University classified as a minor. Disclosure of Plaintiff's

true name on the public docket would create a direct, traceable digital pathway exposing the identity of the minor non-party. This risk is not speculative—the University's evidence packet explicitly links Plaintiff's real-world identity to the specific digital handles through which the parties communicated.

3. As further set forth in the Pseudonym Motion, a caption-only pseudonym is insufficient to protect the minor non-party. The pseudonym must extend to the public record as a whole; however, the sealing obligation is limited to the narrow category of documents that contain identifying information.

## II. DOCUMENTS TO BE SEALED

4. Plaintiff requests that the following categories of documents be filed under seal:

a. Any exhibit, attachment, or documentary evidence containing the true name, contact information, or digital identifiers (including usernames, screen names, or account handles) of Plaintiff or the non-party complainant;

b. Plaintiff's real name, Student ID, and contact information, which have been submitted to the Court for *in camera* review in connection with the Pseudonym Motion; and

c. Any filing by any party that would, if made public, reveal the true identity of Plaintiff or the minor non-party; and

d. Exhibit 06 (Image Comparison Table), which contains intimate photographic material depicting Plaintiff in a state of undress. Public disclosure of this exhibit would cause significant and unwarranted harm to Plaintiff's privacy and dignity, and no public interest is served by its inclusion on the public docket. The substantive legal arguments regarding the evidentiary issues with this exhibit are fully set forth in the redacted public filings.

5. Redacted public versions of all sealed documents will be filed simultaneously on the public docket, substituting the Court-approved pseudonyms "John Doe" and "Jane Roe" for identifying information. The substantive legal issues in this case will remain fully accessible to the public.

### III. LEGAL STANDARD

6. The public's right of access to judicial records, while strong, is not absolute. Courts routinely seal documents when the privacy interests at stake outweigh the public benefit of disclosure, particularly where the safety or identity of a minor is concerned. *See Doe v. Trustees of Indiana University*, 101 F.4th 485, 490 (7th Cir. 2024) (reaffirming that protecting the identities of children and victims of sexual offenses remains a compelling justification for anonymity and sealing).

7. The sealing request is narrowly tailored. It does not seek to seal the Court's legal rulings, the parties' legal arguments, or any substantive briefing. It applies only to the limited category of documents that contain identifying information which, if disclosed, would compromise the digital anonymity of the minor non-party for the reasons detailed in the Pseudonym Motion.

8. Less restrictive alternatives are insufficient. As set forth in the Pseudonym Motion, redacting only the complainant's name while leaving Plaintiff's name and digital handles visible would still enable the digital tracing chain that exposes the minor.

### IV. CONCLUSION

For the reasons set forth herein and in the concurrently filed Pseudonym Motion, Plaintiff respectfully requests that this Court grant this Motion and enter an Order permitting the identified documents to be filed under seal.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:

1. Directing that any exhibit, record, or attachment containing the true names, contact information, or digital identifiers of Plaintiff or the non-party complainant be filed under seal, with redacted public versions filed on the public docket;

2. Directing that Exhibit 06 (Image Comparison Table) be filed under seal in its entirety due to the intimate nature of the photographic material contained therein;

3. Requiring Defendants to seek leave of Court prior to filing any unredacted document containing identifying information of Plaintiff or the non-party complainant on the public docket; and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
JOHN DOE, Plaintiff
Proceeding *pro se*

[Real Name — filed under seal]
[Address — filed under seal]
[Telephone — filed under seal]
[Email — filed under seal]

Dated: April 10, 2026