E-FILED
Monday, 20 April, 2026  04:03:45 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 2:26-CV-02104 |
| v. | ) | |
| | ) | Judge Colleen R. Lawless |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS et al., | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant, the Board of Trustees of the University of Illinois, ("Defendant"), by and through its counsel, respectfully moves this Court to extend the deadline for filing a response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Emergency Motion"), Dkt. 4. The deadline currently set by applicable local rules is April 23, 2026, and Defendant respectfully requests that it be extended until April 30. In support of this motion, Defendant states as follows:

1. Plaintiff filed his Complaint, Dkt. 1, and his Emergency Motion, Dkt. 4, on April 9, 2026. The Complaint names four Defendants: The Board of Trustees of the University of Illinois and three administrative personnel for the University of Illinois Urbana-Champaign, Alexander Vickory-Holland (Assistant Dean of Students), Mariah Young (Investigator within Office of Student Conflict Resolution), and Charles Lee Isbell, Jr. (Chancellor).

2. Pursuant to Local Rule 7.1.B.2, the 14-day response period sets a filing deadline for Defendants' response to the Emergency Motion of April 23, 2026.

1

3.      None of the Defendants have been served as of the date of this filing on April 20, 2026, despite statements to the Court by Plaintiff that service was completed. Plaintiff's statement about service is false.[1]

4.      Specifically, Plaintiff's Emergency Motion states: "Notice of this Motion, along with the accompanying Verified Complaint and exhibits, has been served upon Defendants' counsel of record via electronic mail, providing the University with an opportunity to be heard on this emergency request." Dkt. 4 at ¶ 6. This is false. No member of the University of Illinois' Office of General Counsel received any electronic mail from Plaintiff or any other notice from Plaintiff about the filing of his Complaint or Emergency Motion. And, when Plaintiff filed the Emergency Motion, there was no counsel of record in this matter.

5.      Defendant learned of the existence of this litigation via reference to this Court's docket, and undersigned counsel was only engaged to represent the Defendants on April 14, 2026. Plaintiff's failure to notify Defendants of this litigation, despite representations to the Court to the contrary, has deprived Defendants of the full 14-day response period in which to prepare a response to his Emergency Motion. *See e.g. Pearson v. Metz Baking Co.*, No. 96 C 1529, 1998 WL 312018, at *3 (N.D. Ill. June 4, 1998) ("Plaintiff's failure to properly notify Defendant about her motions has prejudiced Defendant during the course of the litigation.").

6.      Defendant requests one additional week to complete briefing in response to Plaintiff's Emergency Motion to compensate for this lost time. This would move the deadline from April 23

---

[1] Because no defendant has been served and the individually-named defendants have not waived service, this motion is filed only on behalf of Defendant the Board of Trustees of the University of Illinois.

to April 30, 2026. A deadline of April 30, 2026 would still allow this Court to rule on the relief

Plaintiff seeks prior to the end of the University of Illinois' Spring Semester.[2]

7.    In addition to compensating for the lost time, Defendant requests additional time to afford

the Court sufficient opportunity to provide guidance on how to navigate Plaintiff's requests to

proceed under pseudonym and to seal certain records. Defendant opposes the request for Plaintiff's

use of a pseudonym but wholeheartedly agrees that certain records should be filed under seal

because this matter involves Plaintiff's dismissal from the University after he admitted to accessing

and saving child pornography (nude images of a minor girl with whom he exchanged an extensive

series of sexually-charged online messages), as explained in Defendant's concurrently filed

Opposition to Plaintiff's Motion to Proceed Under Pseudonym and to File Identifying Documents

Under Seal and Response to Plaintiff's Motions to Seal Identifying Documents Pursuant to Local

Rule 5.10.

8.    Protecting the privacy and identity of the minor involved in the misconduct that led to

Plaintiff's dismissal is of utmost concern. Any filing in response to Plaintiff's Emergency Motion

will require some form of redaction and/or filing under seal in order to protect the minor's identity.

Defendant's concurrently-filed opposition to Plaintiff's request to proceed under pseudonym and

response to Plaintiff's requests to file documents under seal outline filing procedures that

Defendant believes would accomplish that goal while requiring Plaintiff to sue in his real name.

Defendant would benefit from guidance from the Court as to how to proceed with filing briefs and

documents with redactions or under seal prior to being required to file a response to Plaintiff's

Emergency Motion. Furthermore, to the extent the Court requires Defendant to submit redacted

---

[2] The Court may take judicial notice that the Final examination period for the University of Illinois is May 8 – May 14. *See* https://registrar.illinois.edu/faculty-staff/calendars/academic-calendars/academic-calendars-archive/spring-academic-calendar-26/.

documents, rather than sealed documents, this matter involves hundreds and even thousands of messages between Plaintiff and the minor, and Defendant will need time to ensure redactions are properly completed.[3]

9.　　　Finally, Plaintiff is proceeding *pro se* and did not provide in his filings or otherwise in the court's docket current contact information for him or an email address at which he can be reached for purposes of this litigation, which hinders Defendant's ability to properly serve Plaintiff with this Motion or any response to the Emergency Motion. Defendant therefore respectfully requests that this Court enter an Order requiring Plaintiff to contact via email the undersigned attorneys with an email address at which he can be reached for purposes of this litigation.

10.　　　This request is made for good cause and will not unduly prejudice any party.

WHEREFORE, Defendant respectfully request that this Court extend the deadline for Defendants to respond to Plaintiff's Emergency Motion to April 30, 2026, and provide instruction to Plaintiff on providing contact information to Defendant.

**DEFENDANT THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS**

By: /s/ *Peter G. Land*
One of their Attorneys

Peter G. Land
Gwendolyn B. Morales
Katherine M. Tierney
HUSCH BLACKWELL LLP
120 S. Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 665-1500
peter.land@huschblackwell.com
gwendolyn.morales@huschblackwell.com
katherine.tierney@huschblackwell.com

---

[3] For purposes of clarity on this point, the Defendants note that they are not in possession of and do not intend to file any actual child pornography.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO EMERGENCY MOTIONS** to be served upon Plaintiff this 20th day of April, 2026 by electronic filing and by delivery of this Motion to Plaintiff's University email address (which is not included here given the pending issue of whether Plaintiff will be allowed to sue using a pseudonym).

*/s/ Peter G. Land*