E-FILED
Thursday, 23 April, 2026 01:37:14 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, et al.,<br><br>Defendants. | Case No: 2:26-cv-02104<br><br>Hon. Colleen R. Lawless<br>Magistrate Judge Eric I. Long |

**DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS' OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND TO FILE IDENTIFYING DOCUMENTS UNDER SEAL (DKT. 5)**

Defendant the Board of Trustees of the University of Illinois ("Defendant"), by and through its counsel, respectfully submit this response in opposition to Plaintiff's Motion to Proceed Under Pseudonym and to File Identifying Documents Under Seal (Dkt. 5).

## I. BACKGROUND

Plaintiff was previously an undergraduate student at the University of Illinois Urbana-Champaign (the "University") who was dismissed from the University for misconduct. Unique aspects of the nature of the alleged misconduct, including involvement of a minor and nude images, affect considerations of application of legal standards relating to allowing litigants to sue pursuant to a pseudonym and permitting filing of records and briefs to the court under seal. For that reason, Defendant presents here background facts for the Court's consideration and a supporting affidavit regarding why Plaintiff should not be allowed to sue using the John Doe pseudonym.

**A. Summary of Student Conduct Proceedings**

In August 2025, the University received a report from a University employee involved with a University-sponsored internship program in which Plaintiff was engaged that Plaintiff, who was 19 at the time, had engaged in inappropriate and sexual conversations through an online communications platform with a 16-year-old female minor unaffiliated with the University. Ex. A, Young Aff. ¶ 3. The minor, Jane Roe, confirmed the online message exchange with Plaintiff occurred. *Id.* at ¶ 5. However, after initially expressing interest in pursuing a charge as a complainant, Jane Roe chose not to be involved as a complainant in the University's investigation and expressed a desire not to have any involvement with any further investigation. *Id.* at ¶¶ 5-6. The University determined that an investigation was necessary due to the severity of the allegations, which included Plaintiff's access to and saving of nude images of a minor on his phone that could violate federal child pornography laws, and proceeded to investigate the matter pursuant to its procedures with the University as the complainant. *Id.* at ¶ 7.

The University's investigation included review of extensive documentary evidence, including the complete set of messages (totaling nearly 3,000 pages) exchanged between Plaintiff and Jane Roe. *Id.* at ¶ 8. These included messages such as the following written by Plaintiff:

- "I LIKE THAT YOU'RE A VIRGIN but i would like it more if you're 18 so I don't feel as morally corrupt"
- "god sometimes i forget how you're 16 and how wrong this all is omgggg having a teen girl like you playing with her tits on cam"
- "you're 16 that's whyyy and i shouldn't have your boobs saved on my phone and yet i do"
- "I'm so down bad for a 16 year old british girl and her breedable body"
- "BUT YOU'RE 16 AAAHHHHH"
- "i have the nudes of a sexy little teenage girl on my phonee [emoji of hands covering eyes] IT FEELS SO WRONGGG"
- "i think some people would consider the age gap to be grooming (even If you're not being coerced into doing anything)"

*Id.*

The documentary evidence also included: (1) a 20-page document that Plaintiff posted publicly to the online community (of approximately 60,000 members) that he and the minor were members of, before the University's investigation began, stating that his actions were wrong and inappropriate; (2) an interview with and evidence obtained from the employee who reported the concern; and (3) two interviews with Plaintiff. *Id.* at ¶ 9. During Plaintiff's interviews, among other statements, Plaintiff acknowledged that he exchanged sexually suggestive and explicit messages with the minor and received and saved nude images of the minor on his phone, and that he knew she was 16 at the time they exchanged this material. *Id.* at ¶ 10.

The University then conducted a hearing in which Plaintiff participated. *Id.* at ¶ 11. Given Jane Roe's stated preference for not being involved in the conduct proceedings and in the interest of avoiding any harm to her from testifying about the allegedly inappropriate exploitation of her as a minor, she was not involved with the investigation or the hearing. *Id.* Following the hearing and based on all of the information presented, a Hearing Panel concluded that between June 2025 and August 2025, Plaintiff knowingly engaged in inappropriate, sexual conversations via an online application with a 16-year-old minor who resided in the United Kingdom and that during these conversations, Plaintiff requested, received, and saved sexually explicit materials, including nude images, video recordings, and audio recordings from the minor, sent a sexually explicit photo to the minor, and participated in multiple video calls with the minor in which both were in various stages of undress. *Id.* at ¶ 12. Based on these findings, including that Plaintiff's possession of sexually explicit images of the minor violated federal child pornography laws, the Hearing Panel determined that Plaintiff was responsible for violating its Student Code provisions prohibiting sexual exploitation and sexual harassment. *Id.* at ¶ 13. As a result, the Hearing Panel imposed

sanctions including dismissal from the University for five years, with the ability to petition for readmission in Spring 2031. *Id.* Plaintiff appealed this decision, and a separate appeal committee affirmed the Hearing Panel's decision. *Id.* at ¶ 14.

**B. Lawsuit Pursued Using Pseudonym**

Plaintiff now brings this lawsuit challenging the University's dismissal decision on the basis of alleged procedural defects in his conduct process. He seeks to proceed under the pseudonym "John Doe," to refer to the 16-year-old minor involved in the underlying disciplinary proceedings as "Jane Roe," and to file under seal all documents containing the true names, contact information, or digital identifiers of Plaintiff or Jane Roe. As set forth below, Defendant agrees that the non-party minor should be referred to by the pseudonym Jane Roe in all public filings and that documents containing digital identifiers of Plaintiff or Jane Roe or other identifying information regarding Jane Roe should be filed under seal to protect Jane Roe's identity. However, because Plaintiff does not meet the clear legal standards required by the Seventh Circuit for a plaintiff to proceed under a pseudonym, including because the above-referenced measures will be effective to protect the identity and privacy interests of Jane Roe, Plaintiff's request to proceed under the pseudonym "John Doe" should be denied.

## II. ARGUMENT

**A. Legal Standard**

The Seventh Circuit has recently clarified the standards for a plaintiff to proceed anonymously in cases such as this, where a plaintiff challenges a university's disciplinary decision based on a finding that the plaintiff engaged in sexual misconduct. *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485 (7th Cir. 2024); *Doe v. Loyola Univ. Chi.*, 100 F.4th 910 (7th Cir. 2024). In these decisions, the Seventh Circuit first emphasized the general principle that "judicial proceedings,

civil as well as criminal, are to be conducted in public." *Loyola Univ. Chi.*, 100 F.4th at 912 (quoting *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Ind. Univ.*, 101 F. 4th at 491 ("The norm in federal litigation is that all parties' names are public."); Fed. R. Civ. P. 10(a) (requiring that complaints name all parties).

As Plaintiff's motion acknowledges, the Seventh Circuit clarified that there are limited exceptions to this "strong presumption" of public judicial proceedings. *See* Dkt. 5 at ¶ 3. A plaintiff may not proceed anonymously merely to avoid reputational harm or embarrassment or keep bad news – such as a university's finding of misconduct – secret. *Ind. Univ.*, 101 F. 4th at 491-92; *Loyola Univ. Chi.*, 101 F. 4th at 913. Rather, an exception to the presumption against anonymity is warranted only in limited circumstances where the plaintiff is a minor, is at risk of physical harm, or faces improper retaliation (meaning, private responses unjustified by the facts). *Id.* at 491, 493. There is also an exception where a court determines that the Jane Roe in the underlying sexual misconduct proceeding is entitled to anonymity and revealing the plaintiff's name in the public record would be equivalent to revealing Jane Roe's identity. *Loyola Univ. Chi.*, 101 F. 4th at 914.

### B. Anonymity For Plaintiff Is Not Required To Protect Jane Roe's Identity.

#### 1. Less restrictive measures than using a pseudonym would be effective.

Plaintiff's motion relies primarily on the last listed exception above and the need to "[protect] the digital identity of the non-party [minor] complainant." Dkt. 5 at ¶ 9. There is no question that Jane Roe, a minor victim of sexual exploitation and violations of federal child pornography laws, is entitled to anonymity. On this, Defendant agrees entirely; indeed, protecting the minor victim was a key factor in the University's decision to investigate Plaintiff's conduct when she refused to participate and with respect to not involving the minor in any aspect of the internal investigation and hearing proceedings. Thus, the first part of the exception set forth in

*Loyola University Chicago* is met. This, however, is not sufficient on its own to permit Plaintiff to proceed under a pseudonym.

Under the Seventh Circuit's standards, Plaintiff must also establish that revealing his name would be equivalent to revealing Jane's identity. *Loyola Univ. Chi.*, 101 F.4th at 914. Plaintiff's motion fails to meet this burden. To the contrary, it instead demonstrates that less restrictive measures would be effective in protecting Jane's identity from public disclosure.

First, Plaintiff does not argue that his *name* has any connection to Jane Roe or that the disclosure of his name would allow others to uncover Jane's identity. Rather, Plaintiff asserts that public disclosure of his *online handle* – which, to clarify, is not Plaintiff's real name or any version of his name – would allow users of the online platform to connect that online handle with Jane Roe's *online handle*.[1] *See* Dkt. 5 at ¶¶ 12-13, 22-23, 27. But Plaintiff's online handle need not be disclosed in this lawsuit, just his name. And, Plaintiff presents no cogent argument as to why his name alone must be concealed in public pleadings in order to shield from disclosure either his or Jane's online handles. And, as explained more fully below, Defendant agrees that any documents containing *any potentially identifying information* about Jane Roe should be filed under seal and that any briefs or other pleadings filed with the Court containing reference to any such identifying information should be filed under seal as well, with public-facing versions of such filings that redact any such information from public view.

Plaintiff argues that, if he sued under his real name, a "link" will be created between his real name and his online handle because the evidence packet from his underlying conduct

[1] Defendant again notes that Plaintiff previously posted a public announcement to the approximately 60,000 users of the platform connecting his online handle to Jane's online handle and addressing the allegations of inappropriate conduct that were made against him. *See* Ex. A, Young Aff. ¶ 9. While this does not bear on the question of whether Jane's identity should be protected in these proceedings (it must be) and what measures would be effective to do so, it does call into question the sincerity of Plaintiff's purported concern for protecting Jane's identity.

proceeding, which includes Plaintiff's name and online handle, will "inevitably" be filed on the public docket. Dkt. 5 at ¶ 12. He is further concerned about the prospect of the appeal decision letter being publicly filed, which he fears will increase public motivation to identify the parties. *Id.* at ¶ 16. But it is in no way "inevitable" that any of these materials will be publicly filed. Plaintiff himself also requests that all such documents be required to be filed under seal, and Defendant completely agrees that entering such a protective order is crucial to protect the minor Jane Roe. Indeed, Defendant joins in the request that this Court enter an order requiring the following measures to protect against disclosure of identifying information that could inadvertently lead to disclosure of the minor Jane Roe's identity:

- Any document, digital record, communication, or other material from the underlying student conduct proceeding that contains digital identifiers of either Plaintiff or Jane Roe or any other potentially identifying information regarding Jane Roe should not be filed to the public docket but, rather, filed under seal;
- Any pleading filed with the Court that refers to any factual information from which Jane Roe's identity could potentially be revealed should be filed under seal, with a redacted version of that pleading that removes any such potentially identifying information filed in the public docket;
- Any pleading filed with the Court must use the Jane Roe pseudonym when referring to the minor at issue in the underlying student conduct proceeding.

Defendant respectfully submits that Jane's identity can be protected by the entry of appropriate protective orders requiring the measures outlined above (or others the Court wishes to add) while also requiring only that Plaintiff use his real name in all court filings.

This is an approach Defendant would have independently sought and one which is commonly used in other litigation matters to protect the identity of a non-party. *See, e.g., Gralewski v. Bd. of Trs. of the Univ. of Ill. et. al*, Case No. 23-cv-2091, Dkt. 18 (C.D. Ill. June 29, 2023) (modified by Dkt. 45); *see also Canel v. Art Inst. of Chi. et al.*, No. 1:23-CV-17064, Dkt. 109, 145-46, 154-55 (N.D. Ill. 2025). This is also consistent with the approach proposed by Plaintiff in his

motion regarding filing records under seal. *See* Dkt. 5 at ¶ 15. Plaintiff presents no cogent argument as to why this approach would not be sufficient to protect Jane's identity, or why a pseudonym for Plaintiff's name in public filings would also be required.

**2. Plaintiff will not be "forced" to reveal his real name.**

Additionally, there is no merit to Plaintiff's concern that he may be "forced" to litigate under his true name if his motion is denied. Dkt. 5 at ¶ 12. Plaintiff filed this lawsuit voluntarily. He has not been joined or named as a defendant against his will and can choose to dismiss his lawsuit at any time. Nor will Plaintiff be unmasked by the Court without his consent if his pseudonym motion is denied. As the Seventh Circuit has instructed, where a court determines that a pseudonym is not warranted, "it does not follow that [the court] should immediately put the real name in the public order;" rather, the plaintiff "is entitled to an opportunity to dismiss the suit under Fed. R. Civ. P. 41(a)(2)." *Ind. Univ.*, 101 F.4th at 493. Courts in the Seventh Circuit, including this Court, have subsequently taken this same approach where pseudonym motions are denied in line with the Seventh Circuit's directives. *See Gralewski v. Bd. of Trs. of the Univ. of Ill. et. al*, No. 23-cv-2091, Dkt. 45 (C.D. Ill. June 26, 2025); *Doe v. Young et al.*, No. 2:23-cv-2280, 10/7/24 Text Order (C.D. Ill.).

**C. Plaintiff's Arguments Of Alleged Harm To His Employment Prospects Does Not Warrant Use Of A Pseudonym.**

Additionally, Plaintiff fails to establish that he faces improper retaliation if his name were publicly revealed. Plaintiff argues that he is pursuing a "highly specialized career in federal cybersecurity and defense with the United States Cyber Command," and revealing his name in this proceeding would foreclose him from this occupation. Dkt. 5 at ¶ 19.

This, however, is precisely the sort of reputational concern that the Seventh Circuit has clearly directed does not warrant proceeding under a pseudonym. *See Ind. Univ.*, 101 F.4th at 491. As the Court noted in *Indiana University*, in criminal cases

> [E]very indicted defendant's name is open to the public, despite the reputational harm to a person who is presumed innocent. Someone charged with a felony may be shunned or encounter trouble finding a job, but a court would not call that "retaliation" that justifies anonymity. Knowing that a potential student or employee has been charged with a crime legitimately justifies steps for self-protection.

101 F.4th at 491. This same analysis applies to someone who was found through a University proceeding to have engaged in sexual exploitation, including due to conduct that violated federal child pornography laws and based in part on the plain text of Plaintiff's messages with Jane and Plaintiff's admissions that he exchanged sexually explicit messages and images with Jane and knew that Jane was 16 at the time.

Moreover, the reputational harm Plaintiff fears is entirely speculative. Notably, Plaintiff's Exhibit 8 shows that engaging in criminal sexual misconduct does *not* automatically ban an individual from serving in the Cyber Command. Specifically, Exhibit 8 identifies certain types of sexual behavior "that *could* raise a security concern and *may* be disqualifying." Pl.'s Ex. 8 at 13 of 28 (emphasis added). It also identifies "[c]onditions that could mitigate [such] security concerns." *Id.* Plaintiff's concern that he may suffer reputational harm that affects his ability to be employed by the Cyber Command is both speculative and clearly insufficient under the Seventh Circuit's standards to proceed anonymously in this litigation.

Furthermore, even assuming that Plaintiff's disciplinary finding would bar him from his preferred career, Plaintiff has already disclosed this information publicly in a way that would likely lead to that same result. As noted, Plaintiff himself already publicized the allegations against him and his acknowledgment that his actions were inappropriate in a 20-page document directed to

Plaintiff's entire online community and available on the internet to any member of the public. Although Plaintiff did not reveal his real name in this document, a government background check would surely uncover the connection, particularly a check for a position involving cybersecurity. As Plaintiff states, the individuals who would be conducting such checks "are not average internet users." Dkt. 5 at ¶ 28.

**D. Defendant's Interests And The Public Interest Are Served By Requiring Plaintiff To Proceed Under His Own Name.**

Finally, although this is not a factor articulated by the Seventh Circuit in the pseudonym analysis, the balance of the interests weighs in favor of requiring Plaintiff to proceed under a pseudonym. The fact that Plaintiff *might* suffer a job-related consequence as a result of actions that he has admitted to is simply insufficient to justify use of a pseudonym. Plaintiff should not be permitted to "shield himself from public knowledge of his acts" while "throwing harsh light" on the individually named defendants. *Ind. Univ.*, 101 F.4th at 491-92. As the Seventh Circuit observed, "[i]f there should be a difference, it ought to run the other way – as plaintiffs enjoy absolute privilege against claims of defamation for what they say in their complaints and briefs." *Id.* at 492.

Further, as the Supreme Court has held, "[t]he use of children as ... subjects of pornographic materials is very harmful to both the children and the society as a whole." *New York v. Ferber*, 458 U.S. 747, 758 (1982). Plaintiff was found responsible for violating federal child pornography laws and admitted to the conduct that led to that finding. As a matter of public and societal interest, he should not now be permitted to hide behind a pseudonym in seeking to utilize this federal court to challenge that finding.

## III. CONCLUSION

In sum, this case does not meet the clear standards established by the Seventh Circuit for an exemption from the standard rule that litigants must litigate in their own names. Although the case involves matter of a sensitive nature involving a non-party minor, the identity of this minor can be fully protected by alternative means, namely, by filing all documents that contain Plaintiff's online handle or username or other potentially identifying information of Jane Roe under seal and requiring that pleadings filed to the public docket redact any such information.

Dated: April 20, 2026

Respectfully submitted,

*/s/ Peter G. Land*
Peter G. Land

Attorney for Defendant the Board of Trustees of the University of Illinois

Peter G. Land (Lead Counsel) #6229659
Gwendolyn B. Morales
Katherine M. Tierney
Husch Blackwell LLP
120 S. Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 655-1500
Peter.Land@huschblackwell.com
Gwendolyn.Morales@huschblackwell.com
Katherine.Tierney@huschblackwell.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 20, 2026, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system by electronic filing and by delivery of this Motion to Plaintiff's University email address (which is not included here given the pending issue of whether Plaintiff will be allowed to sue using a pseudonym).

*/s/ Peter G. Land*________________