E-FILED
Thursday, 23 April, 2026 01:37:55 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

JOHN DOE,

Plaintiff,

v.

BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, et al.,

Defendants.

**Case No: 2:26-cv-02104**

**Hon. Colleen R. Lawless**
**Magistrate Judge Eric I. Long**

## AFFIDAVIT OF MARIAH YOUNG

I, MARIAH YOUNG, hereby declare and certify that the following is true and accurate to the best of my belief and is based on my own personal knowledge pursuant to 28 U.S.C. § 1746.

1. I am employed by the University of Illinois Urbana-Champaign ("University") as the Assistant Dean of Students and Associate Director within the Office for Student Conduct Resolution ("OSCR"). I have held this role since April 10, 2023.
2. Part of the duties of my role within OSCR includes investigation of reports of student misconduct pursuant to procedures outlined in the University's Student Code.
3. In August 2025, OSCR received a report from a University employee involved with a University-sponsored internship program in which Plaintiff John Doe ("Plaintiff") was engaged that Plaintiff, who was 19 at the time, had engaged in inappropriate and sexual conversations through an online communications platform with a 16-year-old female minor ("Jane Roe") unaffiliated with the University.
4. I was assigned as the Investigator for the report regarding allegations against Plaintiff.

5. Jane Roe confirmed in communications to OSCR that the online message exchange between herself and Plaintiff occurred and repeatedly expressed interest in pursuing charges as a complainant against Plaintiff in emails to me in late September 2025.

6. In October 2025, Jane Roe emailed me indicating that she had chosen not to be involved as a complainant and expressed a desire not to have any involvement with any further investigation proceedings.

7. In consultation with leadership personnel within OSCR, I determined that an investigation was necessary due to the severity of the allegations, which included Plaintiff's access to and saving of nude images of a minor on his phone that could violate federal child pornography laws. I proceeded to investigate the matter pursuant to OSCR procedures with the University as the complainant.

8. The investigation included review of extensive documentary evidence, including the complete set of messages (totaling nearly 3,000 pages) exchanged between Plaintiff and Jane Roe. These included messages such as the following from Plaintiff:

   - "I LIKE THAT YOU'RE A VIRGIN but i would like it more if you're 18 so I don't feel as morally corrupt"
   - "god sometimes i forget how you're 16 and how wrong this all is omgggg having a teen girl like you playing with her tits on cam"
   - "you're 16 that's whyyy and i shouldn't have your boobs saved on my phone and yet i do"
   - "I'm so down bad for a 16 year old british girl and her breedable body"
   - "BUT YOU'RE 16 AAAHHHHH"
   - "i have the nudes of a sexy little teenage girl on my phonee [emoji of hands covering eyes] IT FEELS SO WRONGGG"
   - "i think some people would consider the age gap to be grooming (even If you're not being coerced into doing anything)"

9. The documentary evidence collected during the investigation also included: (1) a 20-page document that Plaintiff posted publicly to the online community (of approximately 60,000 members) that he and Jane Roe were members of, before the

University's investigation began, stating that his actions were "wrong and highly inappropriate"; (2) an interview with and evidence obtained from the employee who reported the concern; and (3) two interviews with Plaintiff.

10. During Plaintiff's interviews with me, among other statements, Plaintiff acknowledged that he exchanged sexually suggestive and explicit messages with Jane Roe and received and saved nude images of her on his phone, and that he knew she was 16 at the time they exchanged this material.

11. After the investigation was complete, OSCR conducted a hearing in which Plaintiff participated. Given Jane Roe's stated preference for not being involved in the conduct proceedings and in the interest of avoiding any harm to her from testifying about the allegedly inappropriate exploitation of her as a minor, she was not involved with the investigation or the hearing.

12. Following the hearing and based on all of the information presented, a Hearing Panel issued an outcome letter that concluded that between June 2025 and August 2025, Plaintiff knowingly engaged in inappropriate, sexual conversations via an online application with a 16-year-old minor who resided in the United Kingdom and that during these conversations, Plaintiff requested, received, and saved sexually explicit materials, including nude images, video recordings, and audio recordings from the minor, sent a sexually explicit photo to the minor, and participated in multiple video calls with the minor in which both were in various stages of undress.

13. Based on these findings, including that Plaintiff's possession of sexually explicit images of the minor violated federal child pornography laws, the Hearing Panel outcome letter determined that Plaintiff was responsible for violating its Student Code

provisions prohibiting sexual exploitation and sexual harassment. As a result, the Hearing Panel imposed sanctions including dismissal from the University for five years, with the ability to petition for readmission in Spring 2031.

14. Plaintiff appealed this decision and a separate appeal committee affirmed the Hearing Panel's decision.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 20, 2026.

Mariah Young
MARIAH YOUNG