E-FILED
Wednesday, 22 April, 2026  11:30:17 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| Plaintiff, | ) | Case No. 2:26-cv-02104 |
| | ) | |
| v. | ) | Hon. Colleen R. Lawless |
| | ) | Magistrate Judge Eric I. Long |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

APR 2 2 2026

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**PLAINTIFF'S NOTICE CORRECTING THE RECORD AND
RESERVING RIGHTS FOLLOWING THE COURT'S
APRIL 21, 2026 TEXT ORDER**

Plaintiff John Doe, proceeding *pro se*, respectfully submits this Notice to (i) correct factual mischaracterizations contained in Defendants' filings at Dkts. 18 and 19 before those mischaracterizations become further entrenched in the public record, and (ii) reserve Plaintiff's rights with respect to the matters ruled upon in the Court's April 21, 2026 Text Order without making any election as to the options identified therein.

This Notice is filed under the "John Doe" caption consistent with the seven-day period provided by the Court's April 21, 2026 Text Order, during which Plaintiff has been directed to indicate whether he wishes to proceed under his real name or voluntarily dismiss. Plaintiff has not yet made that election and expressly reserves all rights with respect to the options identified in the Text Order, including any motion for reconsideration under the Federal Rules of Civil Procedure. *See Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 493 (7th Cir. 2024) (district court "should not immediately put the real name in the public order" upon denying pseudonymity).

Defendants filed Dkts. 18 and 19 on April 20, 2026, and the Court issued its Text Order on April 21, 2026. Because of the short interval between those filings and the Court's ruling, Plaintiff did

not have a practical opportunity to address the mischaracterizations identified below before the Court acted. Although certain of Defendants' motions have now been resolved by the Text Order, the characterizations at issue remain in the public record and Plaintiff submits this Notice so that his position is likewise reflected on the docket.

**1.** In Dkt. 18, Defendants represented that "this matter involves Plaintiff's dismissal from the University after he admitted to accessing and saving child pornography (nude images of a minor girl with whom he exchanged an extensive series of sexually-charged online messages)." Dkt. 18 ¶ 7. In Dkt. 19, Defendants further represented that "Plaintiff in this matter admitted to receiving and saving child pornography." Dkt. 19 ¶ 2.

**2.** Plaintiff categorically denies and strongly objects to any and all allegations that he admitted to accessing, receiving, or saving child pornography. Plaintiff made no such admission at any point during the University's disciplinary investigation or hearing. Plaintiff respectfully requests that the Court take note of this denial on the record.

**3.** Plaintiff respectfully directs the Court's attention to the distinction between the underlying conduct reflected in the exhibits Defendants filed under seal and the separate factual assertion that Plaintiff "admitted" to the characterized offense during the University's disciplinary investigation or hearing. The sealed exhibits, whatever their other content, do not reflect any such admission by Plaintiff during the investigation or hearing. Plaintiff respectfully requests that Defendants refrain from repeating the admission-based characterizations in further public filings.

**4.** Plaintiff respectfully notes that the question of pseudonymity and the question of emergency injunctive relief to permit Plaintiff to complete the current academic semester present analytically distinct issues. Plaintiff's request for time-limited academic access does not depend on, and is not subsumed by, the pseudonym question. Plaintiff reserves his right to refile any motion denied by the April 21, 2026 Text Order with leave to refile, consistent with that Order and with any forthcoming rulings of the Court.

**5.** For purposes of preserving the record, Plaintiff notes that the completion of his current Spring 2026 semester requires approximately six (6) additional hours of on-campus presence, including a 1-hour scheduled quiz on April 25, 2026. Absent some form of relief permitting that limited access, Plaintiff's ability to complete the semester will be materially impaired, resulting in academic and

financial losses that a later judgment on the merits cannot restore. Plaintiff submits this factual predicate so that it is reflected on the docket in the event Plaintiff seeks appropriate relief in a subsequent filing.

**6.** Plaintiff has not yet made the election identified in the Court's April 21, 2026 Text Order and reserves all options within the seven-day period provided therein, including, as appropriate, a motion for reconsideration under the Federal Rules of Civil Procedure. Nothing in this Notice constitutes an election under that Order or a waiver of any argument Plaintiff may raise in a forthcoming filing.

**7.** Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2), Motion to Request Counsel (Dkt. 3), and Motion for Temporary Restraining Order (Dkt. 4) were denied with leave to refile. Plaintiff respectfully notes that the costs and complexity of this litigation are substantial and exceed Plaintiff's resources as a pro se student litigant. Plaintiff reserves the right to refile the in forma pauperis application, motion for appointment of counsel under 28 U.S.C. § 1915(e)(1), and the motion for a Temporary Restraining Order in accordance with the Court's Text Order.

Respectfully submitted,

JOHN DOE, Plaintiff
*Proceeding pro se*
[Contact information filed under seal]

Dated: April 22, 2026