E-FILED
Thursday, 23 April, 2026  09:02:05 AM
Clerk, U.S. District Court, ILCD



1

**FILED**

APR 2 3 2026

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| Plaintiff, | ) | Case No. 2:26-cv-02104 |
| | ) | |
| v. | ) | Hon. Colleen R. Lawless |
| | ) | Magistrate Judge Eric I. Long |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS THIS ACTION
### WITHOUT PREJUDICE PURSUANT TO
### FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

Plaintiff John Doe, proceeding *pro se*, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 41(a)(2) for an Order voluntarily dismissing this action without prejudice. This Motion constitutes Plaintiff's election under the Court's April 21, 2026 Text Order (Dkt. 22), which directed Plaintiff, within seven days, to indicate whether he wishes to proceed under his real name or voluntarily dismiss this action. In support of this Motion, Plaintiff states as follows:

**1.** Plaintiff filed this action on April 9, 2026 for the purpose of obtaining immediate injunctive relief preserving his status as an enrolled student at the University of Illinois Urbana-Champaign ("UIUC") through the final weeks of the Spring 2026 semester. The entire premise of the action, and of the contemporaneously filed Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4), was to prevent the irreversible, day-by-day destruction of that academic semester while the merits of the underlying due process claims were adjudicated.

**2.** By Text Order entered April 21, 2026 (Dkt. 22), the Court denied Plaintiff's Motion to Proceed Under Pseudonym as to Plaintiff and, in the same Order, denied with leave to refile under Plaintiff's real name his Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4), Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2), and Motion to Request Counsel (Dkt. 3). The Court directed Plaintiff, within seven days, to indicate whether he wishes to proceed under his real name or voluntarily dismiss the action pursuant to Fed. R. Civ. P. 41(a)(2).

3. Plaintiff has carefully considered his options and respectfully elects to voluntarily dismiss this action without prejudice. The sole form of relief capable of preserving Plaintiff's Spring 2026 semester—an emergency order entered before the close of that semester's in-person components—can no longer realistically be obtained in time, even on an expedited schedule. With that relief no longer attainable, the equitable and practical basis for continuing to litigate this matter on an emergency footing has dissolved.

4. To obtain meaningful preliminary injunctive relief from the present posture, Plaintiff would be required to: (i) refile an amended complaint and renewed motion for a temporary restraining order under his real name; (ii) effect service on Defendants; (iii) afford Defendants a reasonable period to respond; and (iv) await briefing, any necessary hearing, and a ruling from the Court. Even on a substantially expedited schedule, that sequence cannot realistically conclude before the Spring 2026 semester ends and the in-person components of Plaintiff's coursework are permanently lost. The passage of time has overtaken the very emergency that justified commencement of this action.

5. Continued litigation on the current emergency footing would consume party and judicial resources in pursuit of relief that, by the time any order could issue, would no longer meaningfully exist. An injunction entered after the Spring 2026 semester has concluded cannot restore lost lectures, vested group-project work, or in-person examinations. *See* Dkt. 4 ¶ 38 ("A final judgment in two or three years cannot retroactively recreate the collaborative dynamics, lost lectures, and vested work in a partially completed semester."). The more prudent course is to voluntarily dismiss this action without prejudice at this juncture.

6. Dismissal under Rule 41(a)(2) is warranted and works no legal prejudice on Defendants. No Defendant has served an answer or a motion for summary judgment. Defendant Board of Trustees of the University of Illinois has appeared through counsel and filed responses limited to sealing and scheduling (Dkts. 15–21), but no merits pleading has been served, no discovery has occurred, and no preliminary injunction or temporary restraining order has issued. The individual Defendants have not appeared.

7. The Seventh Circuit has consistently held that motions for voluntary dismissal under Rule 41(a)(2) should be granted unless the defendant would suffer "plain legal prejudice." *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008); *see also Wojtas v. Capital Guardian Tr. Co.*, 477

F.3d 924, 927 (7th Cir. 2007); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). The prospect that a plaintiff may refile the action does not, standing alone, constitute legal prejudice. The factors relevant to the analysis—the defendant's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the plaintiff, insufficient explanation of the need for dismissal, and whether a motion for summary judgment has been filed, *see Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)—each favor dismissal here.

**8.** Plaintiff respectfully requests that dismissal be entered without prejudice and without the imposition of costs or attorneys' fees. The imposition of such terms is discretionary under Rule 41(a)(2), and no feature of this action supports such an award. No Defendant has filed an answer, served discovery, or moved for summary judgment; the case has not progressed to merits litigation. There has been no bad faith, no forum shopping, and no excessive delay by Plaintiff. Plaintiff is also proceeding *pro se* and has moved for leave to proceed *in forma pauperis* (Dkt. 2).

**9.** This Motion is timely filed within the seven-day window provided by the Court's April 21, 2026 Text Order (Dkt. 22).

## REQUEST THAT THE ORDER OF DISMISSAL BE ENTERED UNDER
## THE EXISTING "JOHN DOE" CAPTION

**10.** Plaintiff respectfully acknowledges that the Court denied leave to proceed under pseudonym by Text Order dated April 21, 2026 (Dkt. 22). Plaintiff does not, by this Motion, seek reconsideration of that ruling or pseudonymous status going forward. Plaintiff asks only that the narrow, ministerial step of entering the order of dismissal itself be accomplished under the existing "John Doe" caption rather than under Plaintiff's real name.

**11.** The Seventh Circuit addressed this precise situation in *Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024). There, the plaintiff filed suit under pseudonym, the district court denied pseudonymity, and the plaintiff elected to dismiss rather than proceed under his real name. *Id.* at 492–93. The Seventh Circuit recognized that compelling public identification as a condition of withdrawing the action would defeat the very purpose of the plaintiff's choice to dismiss. The court explained that, in such circumstances, it "does not follow that we should immediately put the real name in the public record." *Id.* at 493. Permitting the dismissal order itself to issue under

the pseudonym preserves the protective function of Rule 41(a)(2)—allowing a plaintiff to avoid disclosure by declining to litigate—without disturbing the underlying denial of pseudonymity.

**12.** The rationale of *Indiana University* applies directly to this case. Plaintiff filed under pseudonym to avoid the very public identification that entry of a real-name dismissal order would produce. The Court's April 21, 2026 Order presented Plaintiff with a binary choice: proceed under his real name or dismiss. Plaintiff has elected dismissal. If the order memorializing that election is itself captioned with Plaintiff's real name, the election becomes illusory—Plaintiff would suffer the identification consequences of litigating despite having chosen not to litigate at all. That result is what *Indiana University* instructs district courts to avoid.

**13.** The relief requested is narrow. Plaintiff does not ask the Court to seal the case, to redact prior orders, or to disturb the public record of the Court's pseudonymity ruling. Plaintiff asks only that the single order granting voluntary dismissal be entered under the caption already in use. That accommodation imposes no burden on Defendants, preserves the presumption of public access to all prior proceedings, and carries out the instruction of the Seventh Circuit in *Indiana University*.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order pursuant to Federal Rule of Civil Procedure 41(a)(2): (a) dismissing this action in its entirety without prejudice; (b) providing that each party shall bear its own costs and fees; (c) directing that the order of dismissal be entered under the existing "John Doe" caption, consistent with *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 493 (7th Cir. 2024); and (d) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN DOE, Plaintiff
*Proceeding pro se*
[Contact information filed under seal]

Dated: April 23, 2026